FRANK BROWN

*v.*

THE TRUSTEES OF SCHOOLS.

*Opinion filed December 22, 1906.*

1. LIMITATIONS—*rule as to the application of Statute of Limitations against municipal corporations.* Statutes of limitation do not run against minor municipalities created by the State for local governmental agencies as respects purely public rights, but as to matters of private or local right such municipalities are subject to statutes of limitation the same as individuals.

2. SAME—*use must be in public at large to exempt municipality from the statutes of limitation.* To exempt municipal corporations from the operation of statutes of limitation as respects property held for public use, such use must be held for the public at large, as in the case of public streets, and not merely for the inhabitants of a particular local district. (*County of Piatt* v. *Goodell,* 97 Ill. 84, followed.)

3. SCHOOLS—*statutes of limitation will run against trustees of schools with respect to school property.* Statutes of limitation will run against school trustees as respects property held for the use of a particular school district, since the use and right are confined to the people of the particular school district and are not in the people of the State in general.

WILKIN, J., dissenting.

APPEAL from the Circuit Court of Macon county; the Hon. W. C. JOHNS, Judge, presiding.

OUTTEN & ROBY, for appellant:

The Statute of Limitations will run against a municipal corporation in respect to property held in its private capacity but not in respect to property held by it in trust for the public. The word "public" means the public, or people of the State generally, outside of the district. Where the public generally (outside of the district) have no interest in common with the citizens and tax-payers of the particular municipality the statute runs. There is a distinction between

property held in trust for use with reversion and property held in fee with power of disposal. *Alton* v. *Transportation Co.* 12 Ill. 38; *County of Piatt* v. *Goodell,* 97 id. 89; *Trustees* v. *McClure,* 167 id. 43; *Ramsey* v. *Clinton County,* 92 id. 225; *School Directors* v. *School Directors,* 105 id. 653; *People* v. *Oran,* 121 id. 650.

J. B. MOFFETT, for appellees:

Statutes of limitation do not run against a municipal corporation in respect to property held for public use; and the adverse possession of such property, no matter how long continued, is of no effect. *Shirk* v. *Chicago,* 195 Ill. 298; *Russell* v. *Lincoln,* 200 id. 511; *DeKalb* v. *Luney,* 193 id. 185; *Owen* v. *Brookport,* 208 id. 35; *Sullivan* v. *Tichenor,* 179 id. 97; *Trustees* v. *McClure,* 167 id. 43

The doctrine of estoppel *in pais* is applicable to municipal corporations. But mere non-action of their officers to assert a right is not sufficient to work an estoppel. There must be some act done, influencing the action of another, which renders it inequitable to permit the corporation to stultify itself. *Logan County* v. *Lincoln,* 81 Ill. 156; *Washingtonian Home* v. *Chicago,* 157 id. 414; *Martel* v. *East St. Louis,* 94 id. 67; *Chicago* v. *Sawyer,* 166 id. 290; *Lee* v. *Harris,* 206 id. 428.

To constitute abandonment there must not only be an apparent abandonment by the public, but an intention to abandon must be established by the evidence; and such intention must be clearly and satisfactorily proved. *Shirk* v. *Chicago,* 195 Ill. 313; *Lewiston* v. *Proctor,* 27 id. 414.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

This is an action of ejectment brought by the appellees, against appellant, in the circuit court of Macon county, to recover possession of part of a school house lot to which appellees held the legal title, for the use of school district No. 90, in said county. Appellant's plea was not guilty and

the defense was the Statute of Limitations of twenty years. The cause was submitted to and tried by the court upon an agreed statement of facts showing adverse possession of the premises for more than twenty years. Appellant and his predecessors in title to the adjoining lands had been in the open, exclusive and adverse possession of that part of the school house lot in controversy for more than twenty years, and it had been enclosed by a fence, and a portion of it had been used for an orchard and another portion for a garden. The possession of appellant was such as would have barred the action if the Statute of Limitations applies to trustees of schools in respect to lands held for the use of a school district. Appellant submitted to the court propositions of law to the effect that the action would not lie because of the adverse possession, and that the title and possession of appellees were subject to the limitation laws of the State. The court refused to hold the propositions to be the law and found the defendant guilty, and entered judgment that the appellees recover the premises.

Statutes of limitation do not run against the State, in respect to public rights, unless the State is expressly included within the terms of the statute. The rule is founded on the maxim of the common law, *nullum tempus occurrit regi.* It was supposed that the time and attention of the sovereign were occupied by the cares of government, and there could be no negligence or *laches* on his part. The same prerogative extends to the State, in its sovereign capacity, as to all governmental matters. As to them no delay in resorting to the remedy will bar the right; but if the State becomes a partner with individuals, or engages in business, it divests itself of its sovereign character and is subject to the statute. (*Governor* v. *Woodworth,* 63 Ill. 254.) In such relations it does not exercise sovereignty but acts merely as an individual and cannot claim the exemption. The rule that statutes of limitation do not run against the State also extends to minor municipalities created by it as local governmental

agencies, in respect to governmental affairs affecting the general public. The exemption extends to counties, cities, towns and minor municipalities in all matters respecting strictly public rights as distinguished from private and local rights, but as to matters involving private rights they are subject to statutes of limitation to the same extent as individuals. *Board of Supervisors* v. *City of Lincoln,* 81 Ill. 156; *County of Piatt* v. *Goodell,* 97 id. 84; *School Directors* v. *School Directors,* 105 id. 653; *People ex rel.* v. *Town of Oran,* 121 id. 650; *Greenwood* v. *Town of La-Salle,* 137 id. 225; 19 Am. & Eng. Ency. of Law, (2d ed.) 181, 191.

The question in this case is whether there is an implied exemption from the statutes of limitation in favor of trustees of schools with respect to property held for the use of a particular school district, and that depends upon the meaning of the term "public rights," as used in the decisions. In one sense, all property held by a municipal corporation is held for public use, and the public at large, or some portion of the public, have rights or interests in such property. It may be held for the use of the people of the State generally, or the use may be limited to the inhabitants of the local subdivision or municipality, such as the city, village or school district, and the question whether the statute applies in the latter class of cases was considered in *County of Piatt* v. *Goodell, supra.* That case involved the title to swamp lands owned by the county, in which the inhabitants of the county were interested. It was held that the public right and public use must be in the people of the State at large, and not in the inhabitants of a particular local district. It was said that there is a well founded distinction between cases where the municipality is seeking to enforce a right in which the public in general have an interest in common with the people of such municipality, and cases where the public have no such interest; that the public generally had no interest in the tract of land in question in that case in common with

the voters and tax-payers of Piatt county, and that the county for that reason was subject to the limitation laws.

There are numerous cases where it has been held that municipalities or minor political subdivisions of the State are not subject to limitation laws in respect to streets and public highways; (*Lee* v. *Town of Mound Station,* 118 Ill. 304;) but streets and highways are not for the use of the inhabitants of any municipality or locality alone, but for the free and unobstructed use of all the people in the State. Such rights are clearly distinguishable from the rights or interests of the inhabitants of a locality in property acquired for a mere local use, such as city offices, a library site or the use of a fire department. Such property is held and used for strictly local purposes. In *Greenwood* v. *Town of La-Salle, supra,* where it was held that an action by the town to recover taxes was not barred by any statute of limitation, the taxes were levied for purposes in which the public generally are directly interested, such as repairing bridges, roads or causeways, in which the public at large are as much interested as the people of the township. In the case of *Trustees of Commons* v. *McClure,* 167 Ill. 23, it was held that the Statute of Limitations did not run against the State itself in respect to the commons held in trust for a portion of the general public, where there was no power, except in the State, to authorize a diversion of the lands to any use different from that provided for in the grant; but it was said that the court did not wish to be understood as holding that if the inhabitants of the village of Kaskaskia had been incorporated and endowed by the State with full authority to divide, divert and convey the commons, or any part thereof, in fee, the Statute of Limitations would not run against them as in other cases. It was there held that the State could not, by mere lapse of time, be barred from the exercise of its sovereign power in respect to the alienation of the lands, although the trust was for the benefit of a portion, only, of the general public, but the court declined to hold that a mu-

nicipality would be exempt under the same circumstances. That decision was based on the prerogative of the State as a sovereign.

By section 31 of the act to establish and maintain a system of free schools the trustees of schools of a township are invested with the title, care and custody of all schools and school house sites, but the supervision and control of such schools and school house sites are vested in the directors of the particular district. The trustees are required by section 32 to sell and convey any school house site which has become unnecessary, unsuitable or inadequate for a school, on petition of a majority of the voters of the district, and the proceeds of the sale are to be paid over to the township treasurer for the benefit of the school district. (Hurd's Stat. 1905, p. 1796.) The people of the State in general have no interest, in common with the inhabitants of a school district, in the school house site or the proceeds of it. The use and the right are confined to the particular local district, and under the decision in *County of Piatt* v. *Goodell, supra,* the Statute of Limitations was a good defense.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Mr. JUSTICE WILKIN, dissenting:

I do not understand that the right of action in plaintiffs below is barred by limitation. They proved a fee simple title in themselves for the use and benefit of the public. Section 32 of the School law (Hurd's Stat. 1899, chap. 122, p. 1526,) provides that the school business of the township shall be done by three trustees to be elected by the legal voters of the township, as thereinafter provided for. Section 33 makes said trustees a body politic and corporate by the name and style of "Trustees of schools of township No. ....., range No. .....," according to the number, and provides that such corporation shall have perpetual existence, shall have power to sue and be sued, to plead and be impleaded in all courts and places where judicial proceedings are had.

Section 60 authorizes the trustees of schools in each township in the State to receive any gift, grant, donation or devise made for the use of any school or schools or library, or other school purposes, within their jurisdiction, and provides that "they shall be and are hereby invested, in their corporate capacity, with the title, care and custody of all school houses and school house sites: *Provided,* that the supervision and control of such school houses and school sites shall be vested in the board of directors of the district." Section 61 authorizes the trustees, when in the opinion of any board of directors the school house site or any buildings have become unnecessary or unsuitable or inconvenient for a school, on petition of a majority of the voters of the district, to sell and convey the same in the name of said board, after giving at least twenty days' notice of such sale by posting up written or printed notices thereof particularly describing said property and the terms of sale.

It has always been the doctrine of this court that the Statute of Limitations does not run against a municipal corporation in respect to property held for public use. I do not think it can be said the trustees of schools do not hold property the title to which is vested in them for school purposes, for the public use. Such property is held for the benefit of all the people of the school district. It cannot be sold by the trustees without the petition of a majority of the voters in the district. They have no power to dispose of the fee to such property or convey it away at their own will and independently of the will of a majority of the voters. A sale or conveyance by them, otherwise than upon the petition required by the School law, would be a plain violation of duty. The public have an interest in the land in common with the citizens and tax-payers of the district and township. The laws providing for public schools are passed in pursuance of the constitutional provision that "the General Assembly shall provide a thorough and efficient system of free schools, whereby all children of this State may receive a good com-

mon school education." (Const. 1870, art 8, sec. 1.) The public school of each township or district is a part of the common school system of the State, and the interest of the public in it is as broad as the system itself. In *Logan County v. City of Lincoln,* 81 Ill. 156, this court said: "Our understanding of the law is, that as respects all public rights, or as respects property held for public use upon trusts, municipal corporations are not within the operation of the Statute of Limitations; but in regard to contracts or mere private rights the rule is different, and such corporations, like private citizens, may plead or have pleaded against them the Statute of Limitations." (See, also, *Martel* v. *City of East St. Louis,* 94 Ill. 67; *Village of Lee* v. *Harris,* 206 id. 428.) Here the school trustees, as a municipality, held this school lot not in a private capacity, nor do they hold the fee with unlimited power of disposal. The power of disposal is subject to the will of a majority of the voters of the school district. In my opinion the trustees cannot, by mere neglect of duty or *laches,* deprive the public of its right to the property. Section 8 of our Statute of Limitations expressly excepts such property from the operation of the seven years' limitation.

I think the judgment below should be affirmed.