City of Chicago, Plaintiff in Error, v. Dunham Towing & Wrecking Company, Defendant in Error.

Gen. No. 14,625.

1. MUNICIPAL CORPORATIONS—*character of ownership of bridge.* A city holds title to a bridge erected and maintained by public taxation in its public and not in its private capacity.

2. STATUTE OF LIMITATIONS—*when defense to action by city.* The statute of limitations is a defense to an action by a city to recover for damage done to a bridge held by it in its public capacity.

FREEMAN J., dissenting.

*Tort.* Error to the Municipal Court of Chicago; the Hon. William N. Cottrell, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed November 8, 1909.

Edward J. Brundage, Charles M. Hays and Emil C. Wetten, for plaintff in error.

Michael F. Sullivan, for defendant in error.

Mr. Presiding Justice Holdom delivered the opinion of the court.

The only question involved in the cause before us is whether the Statute of Limitations can be invoked as a defense to the action of the city. It is claimed that the steamer "Pearson" while in tow of a tug of defendant August 17, 1901, ran into the Fullerton avenue bridge which crosses the Chicago river at Fullerton avenue, and damaged the bridge. This suit, instituted for the purpose of recovering such damage, was commenced November 19, 1907. The trial court held that the statute applied and gave judgment for defendant.

The controversial question is covered by an agreed statement of facts, in which it is conceded that the city of Chicago is a municipal corporation and that defendant is incorporated under the laws of this State; that the bridge crosses a navigable stream and is the connecting link of the highway on each side of the Chicago river known as Fullerton avenue; that the property damaged, for which the city seeks compensation, formed a part of the bridge; that the bridge was built and maintained out of funds derived solely from general taxation of property lying within the limits of the city, and that the city derives no income or financial benefit from the maintenance of the bridge.

The court held as a matter of law that the city held the title to Fullerton avenue, including the bridge, in trust for the sole use and benefit of the public, and that the same constituted a part of the public streets of Chicago.

We are of the opinion that Fullerton avenue bridge is a part of the public highway and that the city holds title thereto in its public and not its private capacity for the use of the public generally; that as to its title and ownership and the right to maintain and operate the bridge the Statute of Limitations would be unavailing. Such a plea could not be successfully interposed against any such right. The contentions of the city in this regard are well taken, but we think the difficulty of the contention lies in the application of the legal principle to the particular facts of this case. The city sues for compensation for an injury to this particular bridge. In a recovery the general public of the State is in no wise interested. Whatever sum might be recovered would be paid into the treasury of the city and would not in that way benefit the public at large. Neither would the public be affected by a failure to recover. We cannot see that the People v. Brown, 67 Ill. 435, is in any way analogous. Byrne v. Chicago General Ry., 169 Ill. 75, does not involve the principle in dispute. In that case a stockholder sought to enjoin the collection of a license fee imposed upon the company by the city council in an ordinance granting the right to the company to operate its cars in certain streets of the city. This ordinance had been accepted by the company, and the court not only held that the city had a right to impose upon the company the payment of a license fee for each of its cars, but that the stockholder had no standing to enjoin its payment; and while it is true that the court did say that "It follows that any contribution from any street railway company to the government of the city inures to the support of a public agency, exercising public functions and deriving its authority from the general sovereignty vested in the people of the State at large. It cannot be true, therefore, as claimed by counsel for appellant, that a contribution from the appellee company to the support of the municipal government of Chicago is not in the interest of the public," still these observations related solely

256 APPELLATE COURTS OF ILLINOIS.

Chicago v. Dunham Towing and Wrecking Co., 151 Ill. App. 253.

to the power of the city council, in the exercise of its governmental functions, to impose the license fee upon the car company as a condition of its being permitted to operate its cars in the city streets over which the city had exclusive jurisdiction and control.

City of DeKalb v. Luney, 193 Ill. 185, is inapplicable to the facts of the case at bar, and in no sense an authority supporting the city's contention. Luney had taken possession of a portion of the city street and annexed it to his adjoining lot. The city held the title to such street for the use of the public generally, and Luney therefore was in no position to invoke any limitation statute against the city in an attempt to thwart its regaining possession of the street so unlawfully attempted to be appropriated by Luney. The title of the bridge in the case at bar is not involved in this litigation. There is no attempt made to interfere in the remotest manner with the right of the city in the Fullerton avenue bridge. Compensation alone is sought for damage to the bridge resulting from defendant's claimed negligence in so towing the "Pearson" that it came into collision with the bridge and damaged it. No right of the general public is involved. The right to maintain an action for such damage is a private right only and, as held in Brown v. School Trustees, 224 Ill. 184, the Statute of Limitations is invokable in the same manner and to the same extent as against individuals. Board of Supervisors v. City of Lincoln, 81 Ill. 156; County of Piatt v. Goodell, 97 *ibid.* 84; People *ex rel.* v. Town of Oran, 121 *ibid.* 650; Greenwood v. Town of LaSalle, 137 *ibid.* 225.

Believing that the Statute of Limitations was invokable against the city, the judgment of the Municipal Court is affirmed.

*Affirmed.*

Mr. Justice FREEMAN dissenting.