## Trustees of Schools, Pike County, Appellee, v. Joshua R. Otwell, Appellant.

STATUTE OF LIMITATIONS—*when runs against municipal corporations.*  While it is a general rule of law that the statute of limitations does not run against the general public or against municipal
bodies, where the property is held generally for the public use and
where the bodies to which it belongs are created for local governmental agency regarding the public rights, yet where such property
is loaned as private property (in this case money was loaned pursuant to legislative authority to private individuals), the statute
of limitations is effective by way of defense.

Assumpsit.  Appeal from the Circuit Court of Pike county; the
Hon. ALBERT AKERS, Judge, presiding.  Heard in this court at the
November term, 1909.  Reversed and remanded.  Opinion filed
October 18, 1910.

JEFFERSON ORR and A. G. CRAWFORD, for appellant.

WILLIAMS & WILLIAMS and BRADBURN & BRADBURN, for appellee.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

On October 13, 1882, Michael Fisher, A. J. Otwell and Joshua R. Otwell made and executed their promissory note, payable two years after date to the Board of Trustees of Schools, township No. 7, south, range No. 2 west of the second P. M., Pike county, Illinois, for the principal sum of $32.12, bearing eight per cent. interest. Suit was brought upon this note in the name of the Trustees of Schools of that Township against all the makers of the note.

The declaration upon which the cause was tried contained one special count which set forth the execution of the note and alleged liability existing thereunder and that the note was given for a loan of money from the permanent school fund of that township, the declaration containing common counts with an account stated.

The defendants filed general issue and special pleas of the statute of limitations. The first special plea was a plea of the statute of limitations as to all of the said sum claimed excepting the principal of $32.12, and averring that the interest that was claimed upon the principal and being all of the sum in excess of $32.12 did not accrue to the plaintiff within ten years before the commencement of suit, etc.

The second special plea was a plea of the statute of limitations as to the entire cause of action.

The third special plea was a plea of payment.

The fourth plea set forth the bar of the statute of limitations denying that the principal of said note was any part of the permanent school fund of the township.

The fifth and sixth special pleas were in substance

the same as the first special plea. Appellee demurred to all of the special pleas and the court sustained the demurrer to all excepting the third, the plea of payment, and to it the demurrer was overruled.

Appellant elected to stand by the pleas, to which the demurrer was sustained, and assigns as error the judgment of the court in sustaining the demurrer.

The only evidence offered on the part of appellee was the note together with the computation of interest as made by the county superintendent of schools, with his testimony as to the total amount that was due.

A jury was waived and the cause was tried by the court without a jury.

Numerous propositions of law were submitted to the court by defendants and all were refused. Upon the trial the finding of the court was in favor of appellee and upon that finding the court rendered judgment against Joshua R. Otwell.

While there are numerous assignments of error, the only question argued by appellant is upon the ruling of the court in sustaining the demurrer to the various pleas of the statute of limitations, and under the rules of this court all other errors assigned are deemed waived, and the only question left for this court to consider is the ruling of the trial court in sustaining the demurrer to the pleas.

Appellant urges as a cause of reversal that the fund sought to be recovered is not a part of the public school fund of the township and being an ordinary action to recover money the statute of limitations applies, that the pleas were properly pleaded, and that the demurrer should have been overruled by the trial court; appellee insisting upon the other hand that the principal sum of this money belonged to the permanent school fund of the township and was a trust fund in which the general public was interested and the suit being brought to recover a part of the permanent public school fund, in which the people of the state

were interested, the statute of limitations does not bar a recovery and that the demurrer was properly sustained.

While it is a general rule of law that the statute of limitations does not run against the general public or against municipal bodies, where the property is held generally for the public use and where the bodies to which it belongs are created for local governmental agency regarding the public rights, but it has not been held in this state that the statute does not run and is not a proper plea in bar where the rights in the property are merely local or of a private character.

The Supreme Court of this state has held that although the funds are trust funds, while in the hands of the trustees, if they are loaned out to private individuals this trust character of the fund is changed, and the contract entered into in loaning the funds becomes the same as any other contract, and is then subject to the statute of limitations and the school fund held by the trustees of schools for the use of a particular township becomes to that extent a private fund for the use and rights of the schools of that township alone and it is not a fund in which the general public of the state is interested. Brown v. Trustees of Schools, 224 Ill. 184.

Appellee cites numerous cases in which it has been held that the statute of limitations did not run but upon an examination of these cases it is disclosed that in each instance the action was one in which the people of the state as a general public were interested, or in which the suit was by a political division organized for the purpose of governmental agencies and affected only public rights.

It is insisted by appellee in its argument that the principal of this fund, $32.12, was a portion of the public school fund, derived from the sale of a portion of section 16 of the school lands of the State of Illinois and that by reason thereof that fund is a trust fund

for the general benefit of the public schools of the state, generally, and to that extent the general public is interested in the fund and, therefore, the statute of limitations does not bar a recovery as to that amount; it is sufficient to say in answer to this contention that there is no evidence in this record showing that this fund is any part of the permanent school fund of the state, nor is there any evidence showing from what source the fund loaned to appellants was originally derived; conceding, however, that it was a part of the fund derived from the sale of school lands of the state and was a trust fund in the hands of the trustees of schools, when the Legislature authorized this fund to be loaned to private individuals as to those individuals the fund lost its trust capacity and under the decisions of the Supreme Court of this state the statute of limitations is applicable in an action to recover it the same as to any other contract.

The trial court should have overruled the demurrer to the pleas of the statute of limitations and it was error to sustain it and the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*