## City of Chicago, Plaintiff in Error, v. Chicago & Northwestern Railway Company, Defendant in Error.

### Gen. No. 15,818.

1. STATUTE OF LIMITATIONS—*when does not run against municipal corporation.* The Statute of Limitations will not run against a municipal corporation in actions involving strictly public rights.

2. STATUTE OF LIMITATIONS—*when runs against municipal corporation.* Horses owned by the city of Chicago, used in connection with its fire department, paid for with its money collected from its citizens, are held in its private capacity and where injury is done to them the Statute of Limitations runs against the cause of action.

Error to the Municipal Court of Chicago; the Hon. ARNOLD HEAP,

Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed. Opinion filed October 4, 1911.

EDWARD J. BRUNDAGE, for plaintiff in error; CHARLES M. HAFT, of counsel.

DANIEL BYRNES, for defendant in error; EDWARD M. HYZER, of counsel.

MR. JUSTICE GRAVES delivered the opinion of the court.

This suit was begun in the Municipal Court by the City of Chicago, plaintiff in error here, against the Chicago & Northwestern Railway Company, defendant in error here. The claim of plaintiff in error, as shown by the bill of particulars, is, in substance, for killing three horses, valued at $600, by the defendant's negligence in operating an engine and train of cars on the 5th day of November, 1903.

The case was tried by the court without a jury on the following stipulation of facts, namely:

"It is stipulated between the plaintiff and the defendant that the plaintiff is a municipal corporation, duly organized and existing under and by virtue of the laws of the State of Illinois.

"That on or about the 5th day of November, A. D., 1903, and for some time prior thereto, said City of Chicago was the owner of three horses which had been used, and were on the day aforesaid used by it for the exclusive purpose of conducting and maintaining a fire department for the purposes which fire departments are ordinarily maintained by municipalities.

"It is further stipulated and agreed that said horses were purchased and used by said City of Chicago for the exclusive purpose of maintaining a fire department for the protection of life and property in the City of Chicago.

"It is further stipulated and agreed that while the

fire department of the City of Chicago was making a run in the usual manner to a fire in said City along Wood street, one of the public thoroughfares of said City of Chicago, at a point where said street intersects the tracks of the defendant company, and while in the act of crossing said tracks along said Wood street, the train which was then run by said defendant company along said tracks ran into and killed said horses, which were of the value of five hundred dollars ($500).

"It is further stipulated and agreed that said defendant maintained gates at said Wood street crossing of said railroad tracks which it was in the habit of lowering when trains were approaching said crossing, and which it kept raised when trains were not approaching said crossing; that on the occasion in question as said fire department approached said crossing said gates were raised and so remained until said horses were struck by said train.

"It is further stipulated and agreed that more than five years have elapsed between the time that plaintiff's right of action herein accrued and the time that it started this suit to recover on said right of action."

At the trial, the court, at the request of plaintiff in error, held to be the law the following propositions, viz.:

"The court holds as a matter of law that exclusive of the statute of limitations the plaintiff is entitled to recover from the defendant the sum of $500."

And refused to hold to be the law the two following propositions requested by plaintiff in error, viz.:

"The court holds as a matter of law that in the maintenance of its fire department and the property used by it in so doing, the City of Chicago is acting in its public or governmental, as distinguished from its private or corporate, capacity.

"The Court holds as a matter of law that the statute of limitations has no application in so far as the case now pending before this court is concerned."

The finding of the court was for the defendant and judgment was entered accordingly. The question this court is asked to determine is whether the statute of limitations is a bar to this action.

It is conceded by plaintiff in error that, if the property in question was held by it in its private capacity, the statute of limitations bars the action, but it insists the property was not so held, but was held in its "public capacity," and that the statute of limitations does not run against actions by a city to enforce a right in regard to property so held by it.

The well settled law in this state is that the statute of limitations will not run against a municipal corporation in actions involving strictly public rights. Brown v. Trustees of Schools, 224 Ill. 184, and cases there cited. Controversies over the application of this rule more frequently arise from a failure to understand what are and what are not "public rights," than from a failure to understand the rule. In a sense, every right possessed by a municipal corporation is a public right, and every class of property held by it is held in its public capacity, and for public use, but for the purpose of distinguishing such rights, as only that part of the public included within the corporate limits of a municipality are interested in, from such rights in which all the people of the State are interested, the former class is designated by law writers and courts as "private rights," and the terms "public rights," "public uses" and "public capacity" are used only with reference to such rights, uses and capacities, as all the people of the State are alike interested in. To actions brought in relation to "public rights," using the term to indicate such rights as belong to all the people of the State alike, the statute of limitations does not apply, while as to actions brought in relation to "private rights," using that term to designate such rights as are limited to some local subdivision or municipality, such as a city, vil-

lage, school district or the like, the statute of limitations applies to the same extent as to individuals. Brown v. Trustees of Schools, supra; Dillon on Municipal Corporations, 3rd Ed., Vol. 2, Sec. 675.

As illustrative of the class of rights that are strictly public, and to which the statute of limitations does not apply, the Supreme Court in the Brown case points out the use of streets and highways which, while they are maintained by municipalities or political subdivisions of the State, are not so maintained for the use of the inhabitants of such municipality or locality alone, but are maintained for the free and unobstructed use of all the people of the state. In that connection, the Supreme Court, on page 188 of that opinion, uses the following language:

"Such rights are clearly distinguishable from the rights or interests of the inhabitants of a locality in property acquired for a mere local use such as city offices, a library site, or the use of a fire department. Such property is held and used for strictly local purposes."

The stipulated facts on which this case was tried shows that the horses in question were purchased by plaintiff in error, and were its property. Only such persons as reside or own taxable property within the limits of the City of Chicago were injured by the loss of these horses, or could be benefitted by a recovery for such loss. They were purchased by the City with its own money, and could have been sold by the City without let or hindrance from the people of the state at large, or any officer or set of officers of the state, and in case of such sale, or a recovery for their loss, the money would have belonged to the City.

Plaintiff in error cites the case of Wilcox v. City of Chicago, 107 Ill. 334, and the case of Tollefson v. City of Ottawa, 228 Ill. 134, as holding that the City, in maintaining a fire department, was acting in its public or governmental capacity, as distinguished

from its private or corporate capacity, and was, therefore, not liable under the principle of *respondeat superior* for the negligence of its officers conducting that department, and argues therefrom that the property, used by it in maintaining its fire department, is held by it for the use of the general public. These cases clearly have no bearing on the question here before this court. Whether a fireman, a policeman, or a nurse at the hospital are servants or officers of the city, or whether the city is liable under the principle of *respondeat superior* for the negligent acts of such persons, can, it seems to us, throw no possible light on the question as to what capacity and for whose benefit the property used by these several persons, in the performance of their duties, is held by the corporation. What is said in those cases to the effect that the city was not interested in its "corporate capacity" in the services rendered by the firemen, and that such firemen, in rendering such service, acted rather as officers of the city, charged with a "public service," was said with reference to the distinction between what are sometimes called public or governmental powers and powers that are private or proprietary. Neither of these classes of powers has any relation to persons or rights outside of the corporate limits of the municipality clothed with them. Public legislative or governmental powers, as referred to in these opinions, are such powers as are conferred upon such municipalities to enable them the better to aid the state in properly governing that portion of its people residing *within the municipality*. A private or proprietary power or franchise, as referred to in these opinions, is one of an exceptional or non-municipal nature, which sometimes is conferred upon municipalities, and are frequently conferred on private corporations or individuals, as, for example, the power to erect a public wharf and charge tolls for its use, or to supply its inhabitants with water or gas, charg-

ing them therefor and making a profit thereby.   Dillon on Municipal Corporations, vol. 1, sec. 39.

We are clearly of the opinion that the horses in question were the private property of the corporation, and that no public right, properly so called, is involved in this litigation.

The two refused propositions of law were properly refused.  The stipulation of facts shows that this case was not begun within five years after the cause of action accrued, and the action, being for the enforcement of a purely private right, is barred by the statute of limitations.

Finding no error in the record, the judgment of the court below is affirmed.

*Affirmed.*