# BOARD OF COUNTY COM'RS OF WOODWARD COUNTY v. WILLETT.

No. 4769.   Opinion Filed October 12, 1915.

(152 Pac. 365.)

**LIMITATION OF ACTIONS—Action by County—Excessive Salary Paid.** An action by a county to recover a sum illegally paid in excess of the salary of its county attorney involves only a private right of the county, and is therefore subject to the statute of limitations. Rev. Laws 1910, sec. 4657.

(Syllabus by the Court.)

*Error from District Court, Woodward County;*
*James W. Steen, Judge.*

Action by the Board of County Commissioners of Woodward County against B. F. Willett. Judgment for defendant, and plaintiff brings error. Affirmed in part, and reversed and remanded in part.

*O. C. Wybrant,* for plaintiff in error.

*R. H. Nichols* and *J. R. Dean,* for defendant in error.

TURNER, J.   On August 3, 1912, in the district court of Woodward county, the board of county commissioners of that county, plaintiff in error, sued R. F. Willett, defendant in error, in assumpsit. For a first cause of action the petition alleged that from November 16, 1907, to January 9, 1911, Willett was county attorney of that county; that as such he was only entitled to receive a yearly salary of $1,250; that for the year beginning January 1, 1908, and ending December 31, 1908, the board illegally overpaid him as salary $337.50. For a second cause of action it alleged that for the year beginning January 1, 1909, and ending December 31, 1909, the board

illegally overpaid him $100. And for a third cause of action they alleged that for the year beginning January 1, 1910, and ending December 31, 1910, they illegally overpaid him $100. All of which they say they are entitled to recover and for which they pray judgment. The court sustained a demurrer to each of these causes of action on the ground that they were barred by the three-year statute of limitations. Rev. Laws 1910, sec. 4657.

Whether he did right as to the first cause of action turns upon the question of whether the statute runs against an action by the county to enforce, as here, a private right of the municipality. And this right, which is sought to be enforced, is a private right for the reason that not all the people of the state have an interest in the funds of the county illegally paid out and sought thereby to be recovered, but only that part of the public within the confines of the county are interested in the funds.

*City of Chicago v. C. & N. W. Ry. Co.*, 163 Ill. App. 251, was a suit by the city to recover damages for the negligent killing of some fire horses belonging to the city. Whether the statute ran against the action turned upon the question of whether it was one to enforce a private right of the municipality. The court held that such it was and said:

"It is conceded by plaintiff in error that, if the property in question was held by it in its private capacity, the statute of limitations bars the action; but it is insisted that the property was not so held, but was held in its 'public capacity,' and that the statute of limitations does not run against actions by a city to enforce a right in regard to property so held by it.

"The well-settled law in this state is that the statute of limitations will not run against a municipal corporation

in actions involving strictly public rights. *Brown v. Trustees of Schools*, 224 Ill. 184 [79 N. E. 579, 115 Am. St. Rep. 146, 8 Ann. Cas. 96], and cases there cited. Controversies over the application of this rule more frequently arise from a failure to understand what are and what are not 'public rights,' than from a failure to understand the rule. In a sense, every right possessed by a municipal corporation is a public right, and every class of property held by it is held in its public capacity, and for public use; but for the purpose of distinguishing such rights, as only that part of the public included within the corporate limits of a municipality are interested in, from such rights in which all the people in the state are interested, the former class is designated by law writers and courts as 'private rights,' and the terms 'public rights,' 'public uses,' and 'public capacity' are used only with reference to such rights, uses and capacities, as all the people of the state are alike interested in. To actions brought in relation to 'public rights,' using the term to indicate such rights as belong to all the people of the state alike, the statute of limitations does not apply, while as to actions brought in relation to 'private rights,' using that term to designate such rights as are limited to some local subdivision or municipality, such as a city, village, school district, or the like, the statute of limitations applies to the same extent as to individuals. *Brown v. Trustees of Schools, supra;* Dillon on Municipal Corporations (3d Ed.) vol 2, sec. 675."

This is in keeping with what we held in *Foot v. City of Watonga,* 37 Okla. 43, 130 Pac. 597. There, in the syllabus, we said:

"The generally accepted doctrine is that the maxim, *'Nullum tempus occurrit regi,'* is not restricted in its application to sovereign states and governments, but that its application extends to and includes public rights of all kinds, and that it applies to municipal corporations as trustees of the rights of the public, and protects from invasion and encroachment the property of the municipality

which is held for and devoted to public use, no matter how lax the municipal authorities may have been in asserting the rights of the public."

In keeping with this and the weight of authority is *City of Chicago v. Dunham Towing, etc., Co.*, 246 Ill. 29, 92 N. E. 566, 32 L. R. A. (N. S.) 245, 20 Ann. Cas. 426. There, in the syllabus, it is said:

"An action by a city to recover damages for injuries to a public bridge involves only a private right of the city, and is therefore subject to the statute of limitations."

See, also, Dillon Municipal Corp. (5th Ed.), sec. 1194.

*Metropolitan R. Co. v. District of Columbia*, 132 U. S. 1, 10 Sup. Ct. 19, 33 L. Ed. 231, was a suit in assumpsit by the District for work done and material furnished by it for paving certain streets in the city of Washington in consequence of the railroad company's failure so to do, pursuant to its duty prescribed by statute. The court held that the statute of limitations was applicable to the action of the District, and in passing, said:

"It is scarcely necessary to discuss further the question of the applicability of the statute of limitations to a purely municipal corporation when it is embraced within the general terms of the law. It was expressly decided to be applicable in the cases of *Kennebunkport v. Smith*, 22 Me. 445; *Cincinnati v. First Pres. Ch.*, 8 Ohio, 298 [32 Am. Dec. 718]; *Cincinnati v. Evans*. 5 Ohio St. 594; *St. Charles County v. Powell*, 22 Mo. 525 [66 Am. Dec. 637]; *Armstrong v. Dalton*, 15 N. C. L. (N. C.) 569; and other cases cited in the note to Wood, Lim. of Act., sec. 53, and to 2 Dillon, Mun. Corp., sec. 668. Judge Dillon, in the section last cited, accurately says: 'The doctrine is well understood that to the sovereign power the maxim, *"Nullum tempus occurrit regi,"* applies, and that the United States and the several states are not, without express words, bound by statutes of limitation. Although

49—9

municipal corporations are considered as public agencies, exercising, in behalf of the state, public duties, there are many cases which hold that such corporations are not exempt from the operation of limitation statutes, but that such statutes, at least as respects all real and personal actions, run in favor of and against these corporations in the same manner and to the same extent as against natural persons.' "

*State of Indiana ex rel. Board of County Commissioners, etc., v. Stuart,* 46 Ind. App. 611, 91 N. E. 613, was a suit against Stuart on his official bond as auditor for a certain term of years to recover certain fees collected and not turned over to the county treasurer. The statute of limitations (section 295, Burns [Ind.] 1908, subd. 2; section 293, R. S. [Ind.] 1881) was interposed, which the court held run against the action. It the syllabus it is said:

"In actions for the benefit of a county, against an officer thereof, the statute of limitations applies the same as between individuals."

*Johnson v. Black,* 103 Va. 477, 49 S. E. 633, 68 L. R. A. 264, 106 Am. St. Rep. 890, was a suit in equity by Black and five other resident citizens and taxpayers of the county of Norfolk, against the board of supervisors of that county, and the appellants, for the purpose of compelling the appellants to restore to the county treasury certain public moneys which it was charged they had illegally and fraudulently withdrawn therefrom. The bill alleged that for several years the board had illegally ordered and paid out of the funds of the county compensation to each of them greatly in excess of that allowed by law. On the trial of the cause the issue of fraud was not sustained, but the statute of limitations, which was interposed, was sustained as to a part of the recovery. On

appeal this action of the court was sustained, and after a review of authorities the court said:

"This is a civil proceeding for the recovery of certain sums of money claimed to be due by the appellants to the county of Norfolk, and the county is practically the complainant. The appellants are only constructive or implied trustees, and in such cases it seems to be well settled that the bar of the statute applies."

See, also, 8 Ann. Cas. 28, and 20 Ann. Cas. 426, note.

It follows that the court was right in sustaining the demurrer to the first cause of action, but erred in sustaining it to the other two, and for that reason the cause is reversed as to them, with directions to proceed in conformity with the views herein expressed.

All the Justices concur.