## BOARD OF COM'RS OF OKLAHOMA COUNTY v. GOOD TOWNSHIP IN HARPER COUNTY.

No. 29131. Nov. 12, 1940.

*107 P. 2d 805.*

Lewis R. Morris, County Atty., and B. C. Logsdon, Asst. County Atty., both of Oklahoma City, and M. A. Holcomb, of Buffalo, for plaintiff in error.

B. F. Willett, County Atty., of Harper County, of Buffalo, for defendant in error.

GIBSON, J. Oklahoma county brought this suit against Good township of Harper county to recover principal and interest due on certain bridge bonds issued by defendant, and maturing October 14, 1926. The bonds were purchased with county sinking fund.

Defendant pleaded the five-year statute of limitations, and the trial court sustained the plea.

Plaintiff sought by certain allegations and proof to avoid the alleged limitation, and in addition thereto asserted the county's immunity from the operation of the statute. As we view the record, our determination of the latter question will fully dispose of the appeal.

It is insisted that the investment of the county's sinking fund in the bonds in question was clearly a public right or duty as distinguished from a mere so-called private right, thus saving said county from the operation of the statute of limitations. Herndon v. Board of Com'rs, etc., 158 Okla. 14, 11 P. 2d 939. Plaintiff says that by reason of certain constitutional and statutory provisions the sinking fund was impressed with a public trust, and that the investment thereof was a matter in which the state at large was interested and not merely of local interest to the county, and therefore involved a public right as distinguished from a private right.

The constitutional provisions referred to are sections 26 and 28, article 10, which provide for the levy and collection of taxes for a sinking fund to retire bonded indebtedness. The statutes referred to are sections 5915 and 5917, O. S. 1931, 62 Okla. Stat. Ann. §§ 432, 434, prescribing the manner in which sinking funds may be invested when not presently needed to retire indebtedness, and providing a penalty against county and municipal treasurers for failure to invest such fund. Plaintiff says that these laws stamp the investment with a public interest.

If this court is to continue to recognize a distinction between a public and private right of a political subdivision of the state with reference to the application of the statute of limitations thereto, the distinction when drawn should be bolstered by every reasonable presumption favorable to government immunity from the limitation. This we say for the reason that the general rule has been to exempt the state from the operation of the statute in the absence of specific permissive act of the Legislature (State ex rel. Freeling v. Smith, 77 Okla. 277, 188 P. 96); and that immunity ordinarily applies to the political subdivisions. Foote v. Town of Watonga, 37 Okla. 43, 130 P. 597. To apply the statute in cases such as this is a drastic exception to the general rule. As said above, it is applied when the right sought to be enforced is a

private one as distinguished from a public right. It may readily be seen that the line of demarcation between such rights is invariably indistinct and uncertain. Therefore the presumptions should favor the sovereignty of the government and all doubts resolved to the end that all government rights are public rights.

Defendant says that the plaintiff is asserting merely a private right in this action; that the collection of invested sinking fund is a matter of interest to the county alone, and not to the general public of the state at large. This distinction, says defendant, is agreeable with that drawn in the Herndon Case, above, wherein the court said:

"The test as to whether a matter is a public right or a private right appears to be whether the right is such as to affect the public generally or to merely affect a class of individuals within the political subdivision."

Perhaps the inhabitants of the county alone are primarily interested in the collection of their investments made out of the sinking fund, but the state has manifested a direct interest in such fund, and has adopted a definite policy of action with relation to the creation, the investment, and the disbursement thereof. If there ever existed a function of government that affected the people at large throughout the state any more than the official handling of the sinking fund of the different counties and municipalities, we are not aware thereof. The state has confined the investment of that fund to the bonds of the United States, the state, and its various subdivisions, and to the warrants of the subdivisions (sec. 5915, O. S. 1931, 62 Okla. Stat. Ann. § 432); and to the payment of bonded indebtedness of the particular municipality and any outstanding judgments against it. Section 5919, O. S. 1931, 62 Okla. Stat. Ann. § 435. County and municipal treasurers are enjoined, at their peril, to invest such fund when not needed presently for the retirement of the bonds for the payment of which the fund was established. Section 5917, O. S. 1931, 62 Okla. Stat.

Ann. § 434. The sinking fund is established not only for the payment of public improvements such as courthouses and other public structures which the whole public may enjoy (Herndon Case, supra), but has been inaugurated under the general governmental policy of the state as a business trust fund, to the trustees of which any person from anywhere may resort to transact the business to which that fund is dedicated. It has all the marks of a public trust, the protection of which should be a public right, and immune from the bar of the statute of limitations. Then, too, if the right to enforce conveyance of realty to be used as courthouse grounds is a public right as held in the Herndon Case, then it seems logical to say that the protection of the funds to pay for such premises is also a public right. In this respect such funds are held for and dedicated to a public use, and the laxity of the public officials in relation thereto will not deprive the municipality of its right to claim immunity from time limitation. This, we say, accords with the holding of this court in Foote v. Town of Watonga, supra, which reads as follows:

"The generally accepted doctrine is that the maxim, 'Nullum tempus occurrit regi,' is not restricted in its application to sovereign states or governments, but that its application extends to and includes public rights of all kinds, and that it applies to municipal corporations as trustees of the rights of the public, and protects from invasion and encroachment the property of the municipality which is held for and devoted to public use, no matter how lax the municipal authorities may have been in asserting the rights of the public."

The trial court erred in sustaining the plea of the statute of limitations. It is necessary, therefore, that the judgment be reversed and the cause remanded, with directions to proceed with the trial.

RILEY, OSBORN, HURST, and NEFF, JJ., concur. BAYLESS, C. J., WELCH, V. C. J., and CORN and DAVISON, JJ., dissent.

DAVISON, J. (dissenting). I cannot agree with the view of the majority of my associates that the statute of limitations should not be invoked in the present case.

The majority opinion is based upon the theory that the plaintiff should be entitled to recover the principal and interest due on certain bridge bonds issued by the defendant and purchased with a portion of the county sinking fund of the plaintiff, even though the statute of limitations had run. The theory of the majority is that the plaintiff, a political subdivision of the state, should be exempt from the operation of the statute in this case upon the reasoning that the protection of such funds is a public right.

The only question herein involved is whether the transaction existing in the present case constituted a public right as distinguished from a private and local right.

The determining factor as to whether the statute of limitations runs against a cause of action, to which the state or subdivision thereof is a party, is whether the right affected is a private right or a public right. Herndon v. Board of County Commissioners in and for Pontotoc County, 158 Okla. 14, 11 P. 2d 939.

The rule in the above case seems to be the generally recognized test for the determination of the question before us, but the authorities are not in complete agreement in respect to its application. See annotation 113 A.L.R. 376.

An excellent discussion of this matter is found in the case of Chicago v. Chicago & N. W. R. Co., 163 Ill. App. 251, 254, wherein the court said:

"Controversies over the application of this rule more frequently arise from a failure to understand what are and what are not 'public rights,' than from a failure to understand the rule. In a sense, every right possessed by a municipal corporation is a public right, and every class of property held by it is held in its public capacity, and for public use, but for the purpose of dis-

tinguishing such rights, as only that part of the public included within the corporate limits of a municipality are interested in, from such rights in which all the people of the state are interested, the former class is designated by law writers and courts as 'private rights,' and the terms 'public rights,' 'public uses' and 'public capacity' are used only with reference to such rights, uses and capacities, as all the people of the state are alike interested in. To actions brought in relation to 'public rights,' using the term to indicate such rights as belong to all the people of the state alike, the statute of limitations does not apply, while as to actions brought in relation to 'private rights,' using that term to designate such rights as are limited to some local subdivision or municipality, such as a city, village, school district or the like, the statute of limitations applies to the same extent as to individuals."

I believe that when plaintiff invested the money, as in the instant case, it became an outright investment for profit, being an investment permitted by statute (section 5915, O. S. 1931, 62 Okla. St. Ann. § 432), and only the taxpayers and bondholders of Oklahoma county would be injured or benefited by such investment.

In the Herndon Case, supra, we said:

"The test as to whether a matter is a public right or a private right, appears to be whether the right is such as to affect the public generally or to merely affect a class of individuals within the political subdivision."

In the above-cited case the question involving the statute of limitations was whether it should be applied to a suit upon contract entered into on behalf of Pontotoc county with Herndon for the conveyance of certain property to said county for the purpose of constructing a courthouse thereon. In that case we also discussed the case of Board of County Commissioners of Woodward County v. Willett, 49 Okla. 254, 152 P. 365, L.R.A. 1916E, 92, in which it had been held that the statute of limitations barred the plaintiff's recovery of a sum Woodward county

154

had paid one of its officials in excess of the salary prescribed by statute for said officer. In speaking of the difference between the cause of action in the Willett Case and the one in the Herndon Case, we said in our opinion on the latter case:

"In the Woodward County Case, supra, the money sought to be recovered affected only the taxpayers of said county and was held to be a private right. But where the right is such as to be used by the public in general, or in which the general public would have an interest, it is considered a public right. In the case at bar the property was purchased for a county courthouse site and street. Not only the taxpayers of Pontotoc county were interested in said matter, but the public is especially interested therein. The public uses the courthouse grounds and street adjacent thereto, whether residents of said county or of some other county or state. The use is general and to all the public, and thereby becomes a public right. * * *"

In my opinion, when a subdivision of the state invests any of its funds in such bonds, such investment is for a private purpose for profit, and such public corporation is serving its own interest and is acting in its private or corporate, rather than in its governmental, capacity. Its profit or loss from such investment does not accrue to the benefit or detriment of the citizens of the state as a whole, but only to the benefit or detriment of those who are liable for taxes in that particular county.