## CITY OF WEBSTER v. DAY COUNTY.

An action by a city against a county for interest and penalties on delinquent city taxes collected and not paid over by the county is barred by the six-year statute of limitations, in spite of the character of the plaintiff, and the nature of the suit as affecting plaintiff's revenue.

Interest and penalties on delinquent city taxes, collected and not paid over by a county, are held by the latter under an implied, and not an express, trust; and hence no demand is necessary to start the statute of limitations running against an action for their recovery.

Haney, J., dissenting.

(Opinion filed, July 1, 1910.)

Appeal from Circuit Court, Day County. Hon. J. H. McCoy, Judge.

Action by the City of Webster against Day County. From an order overruling a demurrer to a paragraph of the answer, plaintiff appeals. Affirmed.

*B. A. Walton* and *Campbell & Taylor,* for appellant. *Frank Sears* and *Sears & Potter,* for respondent.

SMITH, J. This is an appeal from the circuit court of Day county. An action was commenced by the city of Webster to

recover from Day county interest and penalty accruing on delinquent city takes covering a period of years from 1888 to 1906, inclusive, aggregating $1,935.37, with interest from dates of various items of taxes collected. The complaint alleges that during the years mentioned the county treasurer of Day county collected and placed in the county treasury to the credit of the general fund all interest and penalty accruing from delinquent city taxes instead of apportioning the interest and penalty and paying the city a proportionate share of such penalty and interest. The defendant county in the third paragraph of its answer pleads the statute of limitations as to all interest and penalty collected prior to the year 1900, the action having been commenced on the 7th of December, 1907. The plaintiff city of Webster demurs to paragraph 3 of the answer contending that the statute of limitations does not run against a municipal corporation in matters pertaining to its revenue. There seems to be no contention but that the interest and penalty arising on the city tax should have been placed to the credit of the plaintiff city and paid over to its treasurer when collected; the only question being whether the statute of limitations would run against all collections of interest and penalty made prior to the year 1900. Upon the hearing, the demurrer was overruled, to which ruling plaintiff excepted, and this appeal is from the order.

Appellant assigns as error the overruling of the demurrer, for the reasons, first, that the statute of limitations does not run against a municipal corporation as to any matter pertaining to its revenues; second, that the fund, for the recovery of which this action was commenced, constitutes a trust fund in the hands of the county, and the statute of limitations would not begin to run until after demand and refusal, if at all. The precise questions involved in this appeal were fully considered by this court in the case of City of Centerville v. Turner County, reported in 23 S. D. 424, 122 N. W. 350, and affirmed by this court upon rehearing in 25 S. D. 300, 126 N. W. 605.

No discussion of the propositions involved on this appeal is necessary as all the questions presented here have been fully con-

sidered and determined by the court in that case, and we adhere to the views therein expressed. The order of the trial court is therefore affirmed.

HANEY, J., dissenting.