**BROWN, County Treas., et al. v. BOARD OF ED., CITY OF DUNCAN.**

No. 19957. Opinion Filed Dec. 16, 1930.

Rehearing Denied April 21, 1931.

J. H. Long, for plaintiffs in error.

Bailey & Hammerly, for defendant in error.

LESTER, V. C. J. The plaintiff, the board of education of the city of Duncan, Stephens county, brought suit against Harry L. Brown, county treasurer of Stephens county, and the board of county commissioners of Stephens county, Okla., for certain sums of money claimed to be owing and due the plaintiff on account of interest received by the county on average daily bank deposits under the state depository law relating to counties and that a certain portion of said interest so received by the county constituted moneys on deposit with the county treasurer belonging to the plaintiff; that the interest so earned covered a period of years beginning July 1, 1917, and ending June 30, 1925; and that the amount owing said board of education from said source amounted to the sum of $7,578.89, with interest thereon.

Plaintiff also claimed that, in the year 1920, the county treasurer collected $151.81 gross production tax which the county treasurer transmitted to the funds of the county and that said sum belonged to the plaintiff.

Defendants filed a general denial to the plaintiff's allegations and also set up as defense the statute of limitations. The parties to the action waived a jury and the cause was tried to the court, which resulted in a judgment in the full amount claimed by the plaintiff. From this judgment the defendants appeal.

There are but two principal propositions presented on appeal. They are: (1) Does the statute of limitations apply in part to plaintiff's claim? (2) Is plaintiff entitled to collect interest on said claims?

The plaintiff filed its suit against the defendants on the 25th day of May, 1927, and summons was served upon the defendants on the said date and a return of the summons made thereon in court on May 31, 1927.

As to whether the statute of limitations applies in the character of case here presented, there is a diversity of decisions among the courts.

In the case of City of Chicago v. C. & N. W. Ry. Co., 163 Ill. App. 251, it is said:

"It is conceded by plaintiff in error that, if the property in question was held by it in its private capacity, the statute of limitations bars the action; but it is insisted that the property was not so held, but was held in its 'public capacity,' and that the statute of limitations does not run against actions by a city to enforce a right in regard to property so held by it.

"The well-settled law in this state is that the statute of limitations will not run against a municipal corporation in actions involving strictly public rights. Brown v. Trustees of Schools, 224 Ill. 184 (79 N. E. 579, 115 Am. St. Rep. 146, 8 Ann. Cas. 96), the cases there cited. Controversies over the application of this rule more frequently arise from a failure to understand what are and what are not 'public rights,' than from a failure to understand the rule. In a sense, every right possessed by a municipal corporation is a public right, and every class of property held by it is held in its public capacity, and for public use; but, for the purpose of distinguishing such rights, as only that part of the public included within the corporate limits of a municipality are interested in, from such rights in which all the people of the state are interested, the former class is designated by law writers and courts as 'private rights,' and the terms 'public rights,' 'public uses,' and 'public capacity,' are used only with reference to such rights, uses, and capacities as all the people of the state are alike interested in. To actions brought in relation to 'public rights,' using the term to indicate such rights as belong to all the people of the state alike, the statute of limitations does not apply, while as to actions brought in relation to 'private rights,' using that term to designate such rights as are limited to some local subdivision or municipality, such as a city, village, school district, or the like, the statute of limitations applies to the same extent as to individuals. Brown v. Trustees of Schools, supra; Dillon on Municipal Corporations (3rd Ed.) vol. 2, sec. 675."

In the case of Metropolitan R. Co. v. District of Columbia, 132 U. S. 1, 10 Sup. Ct. 19, 33 L. Ed. 231, the court said:

"It is scarcely necessary to discuss further the question of the applicability of the statute of limitations to a purely municipal corporation when it is embraced within the general terms of the law. It was expressly decided to be applicable in the cases of Kennebunkport v. Smith, 22 Me. 445; Cincinnati v. First Pres. Ch., 8 Ohio, 298 (32 Am. Dec. 718); Cincinnati v. Evans, 5 Ohio St.

594; St. Charles County v. Powell, 22 Mo. 525, (66 Am. Dec. 637); Armstrong v. Dalton, 15 N. C. 569, and other cases cited in the no.es of Wood, Lim. sec. 53, and to 2 Dillon, Mun. Corp., sec. 668. Judge Dillon, in the section last cited, accurately says: 'The doctrine is well understood that to the sovereign power the maxim. "Nullum tempus occurrit regi," applies, and that the United States and the several states are not, without express words, bound by statutes of limitation. Although municipal corporations are considered as public agencies, exercising, in behalf of the state, public duties, there are many cases which hold that such corporations are not exempt from the operation of limitation statutes, but that such statutes. at least as respects all real and personal actions, run in favor of and against these corporations in the same manner and to the same extent as against natural persons."

In 37 C. J. 716, it is stated:

"In the same way the statute of limitations may be interposed in all actions by a town, or city, or county, to enforce mere private rights, or in an action by one public corporation against another to enforce a liability created by statute to which species of liability a statute of limitations expressly applies, and although the nature of the suit involves plaintiff's revenue."

In the case of City of Webster v. Day County (S. D.) 127 N. W. 624, it is said:

"An action by a city against a county for interest and penalties on delinquent city taxes collected and not paid over by the county is barred by the six-year statute of limitations, in spite of the character of the plaintiff, and the nature of the suit as affecting plaintiff's revenue.

"Interest and penalties on delinquent city taxes, collected and not paid over by a county, are held by the latter under an implied, and not an express trust. And hence no demand is necessary to start the statute of limitations running against an action for their recovery."

In the case of Centerville v. Turner County (S. D.) 122 N. W. 350, which involved a statute similar to the Oklahoma statute of limitations, it is said:

"An action upon liability created by statute other than a penalty or forfeiture—is conclusive of this question. The right to recover in this action is upon a liability created by statute. Other jurisdictions having a similar statute of limitations on this point uniformly seem to hold that it applies to this very character of action and that authorities in jurisdictions without such a statute are not applicable even in trust cases."

And it was further held in this case:

"Under Rev. Code Civ. Proc., section 60,

subdivision 2, fixing a limitation of six years for an action upon a liability created by statute, other than a penalty or forfeiture, a city must bring a suit against a county, to recover an excessive amount of the city taxes retained by the county treasurer as collection fees, within six years after the statutory time when the taxes shall be paid by the county treasurer to the city, although no demand for payment was made on the county treasurer within the terms of Rev. Pol. Code, section 1265, providing that the city taxes collected by the county treasurer shall be paid over to the city treasurer on the first day of every month on demand, as the city cannot take advantage of its own failure to make a demand, and thus stay the running of the statute."

The case of Johnson, v. Black (Va.) 49 S. E. 633, was a suit by a number of taxpayers of the county against the members of the board of supervisors to compel defendants to restore to the county moneys paid by them in excess of their salaries. In the body of the opinion, at page 638, we find the following:

"This is a civil proceeding for the recovery of certain sums of money claimed to be due by the appellants to the county of Norfolk, and the county is practically the complainant. The appellants are only constructive or implied trustees, and in such cases to be well settled that the bar of the statute applied.

"The right expressed in the maxim, 'Nullum tempus occurrit regi' is an attribute of sovereignty, and cannot be invoked by counties or other subdivisions of the state. As to such subdivisions of the state, the statute runs in the same manner and to the same extent as against natural persons."

In the case of Texas & Pacific Railway Co. v. Ward County (Tex. Civ. App.) 257 S. W. 333, the first paragraph of the syllabus is as follows:

"In actions to recover taxes by municipalities, the general statutes of limitation apply, unless the same be exempted from the operation of those laws by some other statutory provision."

In the case of May. v. School District No. 22 (Neb.) 34 N. W. 377, it is stated:

"The legal maxim, 'lapse of time does not bar the right of the state,' can only apply in favor of the sovereign power, and has no application to municipal corporations deriving their powers from the sovereign, although their powers, in a limited sense, are governmental. Thus the statute runs for or against towns and cities in the same manner as it does for or against individuals."

In the case of Payette v. Marshall County (Iowa) 163 N. W. 592, the second paragraph of the syllabus it is stated:

"Where a state as a party in a case stands in a merely representative capacity, and not in the exercise of its sovereignty, its exemption from the statute of limitation is not effectual."

The third paragraph of the same case is as follows:

"Where a county is seeking the enforcement of judgments, not for the use or benefit of the state, nor for the use or benefit of the general public, but solely in its own interest and in the interest of that particular part or fraction of the public within its local jurisdiction, the statute of limitations applies to the same extent as if the action were brought by an individual."

In the case of State ex rel. Chemical National Bank v. School District No. 9, Sherman County (Neb.) 46 N. W. 613, the second paragraph of the syllabus is as follows:

"That the statute of limitations, although confined in terms, applies to all claims that may be made the ground of action at law, in whatever form they may be presented."

In the case of Bannock County v. Bell (Idaho) 65 Pac. 710, in the body of the opinion, it is said:

"It has been suggested that the statute of limitations does not run against a county to recover public money wrongfully withheld by one of its fiducial agents, and that the clerk received said money as such agent. We cannot concede that view, as the whole current of modern authority is to the effect that implied trusts are within the statute, and that the statute begins to run from the time the money was wrongfully received."

In the case of City of Burlington v. B. & M. R. R. Co., 41 Iowa, 134, the court in the second paragraph of the syllabus held:

"Statute of Limitations. Recovery by municipal corporations, for taxes becoming delinquent more than five years before the commencement of the action, is barred by the statute of limitations.

"Argument 1. When a city lays aside its sovereignty, and places itself in the position of a contracting power, it subjects itself to the laws controlling the natural person.

"Argument 2. Taxes are debts, recoverable like any similar obligations, and subject to the same conditions. Section 9, of chap. 26, Laws of 1872, releasing railway companies from the payment of such debts, is unconstitutional and void."

In the case of Hartman v. Hunter, 56 Ohio. 175, the court held:

"The limitation relied upon by the plaintiff in error is prescribed by section 4981 of the Revised Statutes, which provides that 'an action upon a liability created by statute other than a forfeiture or penalty, can only be brought within six years after the cause of action accrues.'

"Whether the liability asserted by the treasurer in this case be referred to section 1104 of the statutes, which authorizes the civil action to enforce the assessments for township ditches as well as other assessments and taxes, or to the provisions of the acts under whose favor the ditches were constructed, is a liability created by statute.

"It is, however, contended that although the liability is within the terms of the limitation, it is, in view of the public character of the demandant, within that exemption from the operation of acts limiting actions which is defined by the familiar maxim, Nullum tempus occurrit regi? The scope of this exemption has been the subject of much discussion and of diverse conclusions. It is not necessary, however, to enter into that discussion, since the repeated and consistent decisions of this court seem to furnish a clear rule for the determination of the case"

—citing with approval the case of Mount v. Lakeman, Clerk of Millcreek Township, 21 Ohio St. 643. wherein it was held that an action on behalf of a township to recover school funds, which a treasurer had appropriated to his own use, is barred by the limitation of six years.

The court in the case of Hartman v. Hunter, supra, concluded by saying:

"All attempts to extend the exemption to others than the general and state governments have failed. The terms of the statute except none from its operation and the exemption is prerogative. Being a privilege of sovereignty, as in England, it is the King's plea. so here it is the plea of the sovereign, to be made by it or in its behalf. This view of the subject does not admit of further question in this state."

We are not unaware that there are cases holding the opposite view to the cases herein cited.

We are not willing in this case to apply the often repeated phrase, "Nullum tempus occurrit regi," meaning, of course, that the statute of limitations does not apply against suits by the sovereign state. The action herein is for a money judgment against the defendant based upon the claim that the county received and appropriated certain moneys and credits that belonged to the board of education. It is merely a controversy involving a fiscal accounting between two municipalities of the state. The correction and adjustment of fiscal errors on the part of the municipalities of this state require prompt proceedings on the part of the aggrieved municipality, and certainly

such action cannot be postponed beyond the statute of limitations.

Section 185, C. O. S. 1921, provides:

"Civil actions, other than for the recovery of real property, can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards:

"First. Within five years: An action upon any contract agreement or promise in writing.

"Second. Within three years: An action upon a contract express or implied, not in writing; an action upon liability created by statute, other than a forfeiture or penalty."

In the case of Board of County Commissioners of Woodward County v. Willett, 49 Okla. 254, 152 Pac. 365, the syllabus states:

"An action by a county to recover a sum illegally paid in excess of the salary of its county attorney involves only a private right of the county, and is therefore subject to the statute of limitations."

In the case of Shelton v. State ex rel. Caldwell, 62 Okla. 105, 162 Pac. 224, this court held:

"The law raises an implied obligation on the part of a public officer to repay public moneys received by him illegally and without authority of law, and an action in the nature of assumpsit would lie for its recovery; consequently, the three-year period of limitation would control in such a case."

We have not found any case that holds that the statute of limitations does not run in case of a public officer who received and illegally misappropriated funds of a municipality, and this being true, we are at a loss to know why a different rule should be applied merely on account of the difference in the identity or entity of the defendant. County governments, like all other governments, articulate through the energies and actions of men, so that in this case it was the county treasurer who erroneously credited to the county funds certain interest and credits that belonged to the board of education.

The contention of the plaintiff amounts in law to this: If the county treasurer had personally used the funds of the plaintiff, then the three-year statute of limitations would apply; however, if the county treasurer, instead of personally appropriating the money, passed it over to the credit of the county, and the county used the money, the statute of limitation never applies. We do not understand the logic of the difference.

We think that the right of the plaintiff to recover in this case must be inherent within itself and is not dependable upon the identity of the defendant.

Clearly, if the defendant were an individual, the statute of limitations could be successfully invoked as a defense against claims arising more than three years prior to the institution of the suit. We fail to discover any reason or logic why the same application of the statute of limitations cannot be invoked in this case. In our judgment it is more necessary that the statute of limitations be applied in an action against a county than in case of an individual, for the reason that the affairs of a county are administered through its officers, whose tenure of office is ever uncertain, and where records during a long period of time may become lost, destroyed, or misplaced, and evidence of transactions are often difficult to secure.

Moreover, budgets and estimates of the county government are based upon assets and liabilities. Taxes are levied and collected upon the basis of assets and liabilities, and under the policy of our state the county operates theoretically on a cash basis; therefore, if counties cannot invoke the statute of limitations in actions against them involving purely fiscal claims, it will produce an intolerable financial burden upon the counties of the state, which will finally pass to the shoulders of the taxpayers.

Long delayed actions against counties for money had and received will result in large judgments that must be paid within three years, or the issuance of funding bonds bearing interest for a long term of years in order to absorb said indebtedness. In many cases the municipalities that procure these judgments may, on account of attorneys' fees and other costs, not receive more than 50 per cent. of the judgment collected. Thus, while passing the additional burden to the county, the taxpayers must respond to the cost of the transition. The result of such delay is confusion, added litigation, and increased taxes; therefore, public policy demands that all suits to recover money judgments against the counties must be brought within three years as provided by subdivision 2 of section 185, supra, and we, therefore, hold that the statute of limitations is applicable herein to all claims of the plaintiff arising more than three years prior to the institution of said action.

The next question presented is: Was the plaintiff entitled to recover interest on the amount due? This question must be answered in the negative.

In 15 C. J. p. 662, it is said:

"In the absence of statutory provision therefor, claims against a county do not bear interest, nor is the creditor entitled to other compensation by way of penalty of damages for delay in payment. * * *"

Judgment of the district court is reversed, with directions to enter judgment for such an amount as was due the plaintiff within three years prior to the suit of plaintiff, and also disallow interest thereon.

MASON, C. J., and HEFNER, CULLISON, SWINDALL, and ANDREWS, JJ., concur. RILEY, J., dissents. HUNT and CLARK, JJ., absent.

---

RILEY, J. (dissenting). I cannot agree to the view of the majority of my associates that a statute of limitation may be invoked against the sovereign or a municipal subdivision thereof when the act involved is one of a public right and concerning a governmental duty. The maintenance of a free public school system is an "imperative government duty." Board of Education v. State, 26 Okla. 366, 109 Pac. 563; Miller v. Childers, 107 Okla. 57, 238 Pac. 204; Section 1, art. 13, Constitution of Oklahoma; sec. 1568, Dillon on Municipal Corporations (4th Ed.). Herein the school district sought tax moneys rightfully belonging to it.

It is suggested in the majority opinion that the conclusion is reached because some of the money sought to be recovered may be paid out as attorney's fees incident to the recovery. The lowly Nazarene, when on earth, said: "The laborer is worthy of his hire."

In Foot v. Watonga, 37 Okla. 43, 130 Pac. 597, this court held:

"A careful examination of the decisions show that the generally accepted doctrine is that the maxim, 'nullum tempus occurrit regi,' is not restricted in its application to sovereign states or governments, but that its application extends to and includes public rights of all kinds, and that it applies to municipal corporations as trustees of the rights of the public, and protects from invasion and encroachment the property of the municipality which is held for and devoted to public use, no matter how lax the municipal authorities may have been in asserting the rights of the public."

The Supreme Court of Kansas, considering a statute identical with that here held to be a bar (section 185, C. O. S. 1921), held to the contrary:

"The rule that statutes of limitation do not apply to actions by the state unless a legislative intention that they shall do so is shown by express language or appears by the clearest implication also applies to subordinate political bodies, including municipal corporations, with respect to any limitation to enforce governmental rights." City of Osawatomie v. Board of Com'rs of Miami County (Kan.) 96 Pac. 670.

And further in the opinion it is stated:

"Although the county may have misappropriated the city's money and thereby obligated the latter to sue for its recovery, the action is essential to compel the performance of a public duty and not to enforce a private contract."

Heretofore we have laid stress upon the adoption of a statute in view of the construction placed upon it; now we depart from that doctrine; likewise we depart from the rule prevailing in the federal courts. Simplot v. Chicago, M. & St. P. Ry. Co. (C. C.) 16 Fed. 350; Marsh v. Fulton County, 10 Wall (U. S.) 676, 19 L. Ed. 1040.

It was said in New Orleans v. Fisher, 91 Fed. 574:

"A city cannot plead limitation against a suit to require it to account for taxes collected in behalf of its school board, as it holds such taxes in trust, and cannot acquire rights therein by prescription."

On appeal in that case the Supreme Court of the United States said:

"We are unable to find any authority in law or morals for the city to appropriate to itself this interest." 180 U. S. 185.

So, also, we depart from the majority rule prevailing in the states of the Union. 37 C. J. 715.

In St. Paul v. Chicago St. Ry. Co., 45 Minn. 387, 48 N. E. 17, it was said:

"There is no power more distinctively sovereign and governmental than that of levying and enforcing payment of taxes."

37 C. J. 711, states:

"The general rule is that statutes of limitation do not run against the sovereign, or state or federal or territorial government * * * in a matter falling within the scope of its governmental functions."

In Anderson v. Ritterbusch, 22 Okla. 761, 98 Pac. 1002, this court said:

"The 'taxing power,' when acting within its legitimate sphere, is one which knows no stopping place until it has accomplished the purpose for which it exists. * * *"

In Board of County Com'rs of Woodward County v. Willett, 49 Okla. 254, 152 Pac. 365; this court followed the rule:

"The well-settled law in this state is that

the statute of limitation will not run against a municipal corporation in actions involving strictly public rights."

See Gustaverson v. Dwyer (Wash.) 145 Pac. 458; Carter County v. Sch. Dist., 135 Okla. 248, 275 Pac. 302, wherein this court accepted the view:

"The principle that an obligation rests upon all persons, natural and artificial, to do justice, so that, if a county obtain money or property without authority, the law, independent of any statute, will compel restitution or compensation, is not questioned."

The Constitution of this state in no uncertain terms provides in section 19, art. 10:

"No tax levied and collected for one purpose shall ever be devoted to another purpose."

The taxes involved in this case were levied and collected for school purposes. The majority opinion in recognizing the statute of limitations permits such tax moneys levied and collected to be devoted to a purpose other than that for which they were levied and collected.

For these reasons, I dissent.