## CITY OF PICHER v. BOARD OF COM'RS OF OTTAWA COUNTY et al.

No. 21581.   Nov. 14, 1933.

Frank Nesbitt, for plaintiff in error.

Perry Porter, Co. Atty., and Joe W. Howard, Asst. Co. Atty., for defendants in error.

RILEY, C. J. This is an appeal from an order sustaining a demurrer to the petition of plaintiff in an action to recover for penalties on delinquent taxes on property in the city of Picher, and belonging to its street im-

184

provement fund, alleged to have been collected by the county treasurer of Ottawa county, and which it is alleged the county treasurer failed to pay to the city, but apportioned same to the several funds of the county.

The action was commenced April 22, 1929, and plaintiff claimed for such penalties collected during the years 1920-28, inclusive. The court sustained the demurrer to the petition as to all items accruing more than three years before the commencement of the action. Plaintiff elected to stand on his petition, and the court rendered judgment for defendant as to such items, and for plaintiff as to items accruing within three years before the commencement of the action.

The question presented is whether or not the statute of limitation runs against the city. Briefs were filed before the decision of this court in Brown, County Treas., v. Board of Ed. of City of Duncan, 148 Okla. 97, 298 P. 249, and Board of Co. Com'rs v. City of Marlow, 148 Okla. 126, 298 P. 255. Substantially all the authorities cited in the briefs in this case were considered in the cases above mentioned.

It was there held by this court, the writer hereof dissenting:

"Public policy requires prompt action on the part of a municipality seeking to correct errors made by county officials in erroneously placing funds belonging to such municipality to the credit of the county fund, instead of transmitting them to the municipality, and where such municipality fails to act therein within three years from the date of such erroneous transfer, an action for recovery of the funds is barred by the statute of limitations."

Under the rule there announced, the order and judgment must be, and is affirmed.

CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, OSBORN, and BUSBY, JJ., concur. BAYLESS and WELCH, JJ., absent.