### FORD MOTOR CO. v. STATE.

No. 26635.   May 19, 1936.

Rehearing Denied Nov. 17, 1936.

Everest, McKenzie & Gibbens, for plaintiff in error.

Lewis Morris, Co. Atty., B. C. Logsdon, Asst. Co. Atty., and R. W. Stoutz, Associate Counsel, for defendant in error.

GIBSON, J. This is a tax ferret proceeding by the state to assess for taxation in Oklahoma county certain alleged omitted property of the Ford Motor Company consisting of "notes, accounts and bills receivable and all other property not heretofore assessed," of the alleged valuation of $75,000, for each of the years 1920 to 1925, inclusive, and $100,000 for each of the years 1926 to 1932, inclusive. The state will be referred to herein as plaintiff, and the Ford Motor Company as defendant.

The defendant is a Delaware corporation with its principal place of business in the state of Michigan and is authorized to do business in this state. During the years here involved it operated a branch office and place of business in Oklahoma City. The property here sought to be assessed consists of accounts receivable growing out of the business transacted by the Oklahoma City branch with customers in its particular territory and were in the form of accounts owing the company as reflected by the records of the local office on the first day of the respective years.

The defendant interposed a plea of res adjudicata for the years 1920 to 1930, inclusive, and further resisted the assessment for all years on the ground that the taxable situs of the accounts was at the home office of the defendant and not in the state of Oklahoma. Trial in the county court resulted in judgment for the plaintiff ordering the accounts receivable assessed for taxation for each of the years in question, and defendant has appealed.

The plaintiff attempts to meet defendant's proposition involving the question of res adjudicata with the argument that there is no assignment of error raising the point that the county court failed to sustain that defense. In this connection it is urged that an assignment of error must state facts showing sufficient cause for reversal, and that where the assignment is so general as not to point out the real error complained of, the Supreme Court will not consider such assignment, nor will it examine the record with regard thereto. Turner v. First Nat. Bank, 40 Okla. 498, 139 P. 703.

This position is not well taken; the foregoing rule does not apply here. Defendant's second assignment, "That the verdict and decision is not sustained by sufficient evidence," brings this question here for review and is the foundation for its proposition that the treasurer's former decision was an adjudication of the causes of action under consideration in the present case for the years 1920 to 1930, inclusive. Whether the plea of res adjudicata is to be sustained depends entirely upon the evidence adduced at the trial in the county court; the county treasurer's decision in such cases has been definitely settled as conclusive and binding on the parties as to all matters before him unless appealed from. Magnolia Petroleum Co. v. State, 175 Okla. 11, 52 P. (2d) 81. It was there held in the fourth paragraph of the syllabus as follows:

"4. The decision of the county treasurer determining the taxable status of alleged omitted personal property, if not appealed from, is final and conclusive as to the property considered by him. It does not, however, prevent another proceeding to list and assess different alleged omitted personal property."

It is therefore our duty to consider and weigh all the evidence relative to the question involved. In a proceeding of this character, where the parties are not entitled to a trial by jury as a matter of right, and an assignment of error challenges the sufficiency of the evidence to sustain the judgment, it is the Supreme Court's duty to consider and weigh all the evidence and to determine whether or not such judgment is against the clear weight thereof. If not clearly against the weight of the evidence, the judgment will be affirmed. Turben v. Douglass, 76 Okla. 78, 183 P. 881; if against the clear weight thereof, this court will reverse the cause and render, or cause to be rendered, such judgment as should have been entered at the trial. Long v. Anderson, 77 Okla. 95, 186 P. 944.

The order of the treasurer at the former hearing, omitting caption, is as follows:

"Order of Dismissal.

"This matter coming on for hearing before J. O. Crawford, this 4th day of Febru-

ary, 1932, and the state of Oklahoma being represented by the duly appointed tax ferret, and the defendant company appearing by their agent;

"Upon the showing as to liability for taxes on omitted property for the years mentioned in notice to defendant, the county treasurer finds for the defendant and orders the action now pending to be stricken and the proceedings held for naught.

"Done this 4th day of February, 1932, at the office of the county treasurer, of Oklahoma county, Oklahoma.

"(Signed) J. O. Crawford."

This order may well be said to be a general finding for defendant, and a judgment upon the merits.

In this connection the plaintiff, without objection from defendant, showed that the order resulted from the treasurer's finding that to assess the property here would amount to duplicate taxation, since there had been an assessment thereof and the taxes paid in the state of Michigan for the same years. The evidence on this point taken from the testimony of plaintiff's witness concerning the hearings before the former treasurer is as follows:

"The general discussion was how we conducted our business. The point came up whether we had previously paid taxes on these same items. Mr. Crawford said: 'There cannot be duplicate taxation on the same items.' He dismissed the case on that ground."

This witness was an employee of defendant company and was present at the former hearing. The plaintiff further brought out that the treasurer was of the opinion when he entered the order that this kind of property was not taxable here; that it had no taxable situs in Oklahoma.

Plaintiff takes the position that the foregoing order amounted to a dismissal for want of jurisdiction and not an adjudication upon the merits, and therefore not a bar to a second action for the same cause (34 C. J. 797, sec. 1219; Goldsborough v. Hewitt, 23 Okla. 66, 99 P. 907). These authorities stand merely for the proposition that a judgment on demurrer, based on formal or technical defects and raising only a question of pleading or want of jurisdiction, is not a bar to a second action. That rule has no application here. While the order of the treasurer may have been erroneous as to the law, his decision was nevertheless upon the question of the taxable situs of the property. His holding was to the effect that such situs was in the state of Michigan.

That was a determination of the taxable status of the property, and the respective rights and liabilities of the state and taxpayer, when considered in the light of their contentions as disclosed by the record, depended upon the treasurer's determination of the ultimate fact of taxable status. His decision on that question was a decision upon the merits. 34 C. J. 775, sec. 1194. There the rule recognized in many jurisdictions, and here approved, is stated as follows:

"A judgment is on the merits when it amounts to a decision as to the respective rights and liabilities of the parties, based on the ultimate fact or state of facts disclosed by the pleadings or evidence, or both, and upon which the right of recovery depends, irrespective of formal, technical, or dilatory objections or contentions. * * *"

We therefore hold that the decision of the county treasurer at the former hearing was final and conclusive as to the property considered by him at such hearing.

Plaintiff now says that the former order of the treasurer, if held final and binding, was res adjudicata only to the extent of the value of the accounts then sought to be assessed, and since the alleged value there was only $15,000 for each year, such order was not an adjudication of the question of the taxable status of the accounts found to be in excess of that amount by the trial court for any of said years in the present case.

This proceeding is one to assess omitted property of defendant in the nature of accounts receivable as disclosed by its records at the local office on the first day of January of each year in question. There is no attempt to identify each separate account or to establish the number thereof. The assessment is sought only upon the basis of aggregate valuation of such accounts for each year as reflected by such records. They were considered as a whole and ordered by the court to be assessed accordingly. The record in the instant case discloses that these same accounts, the aggregate value thereof for each year as reflected by the same records, were sought to be assessed at the former proceeding before the county treasurer. At every stage of the trial in the county court the accounts here in question were treated and considered as the same accounts under consideration at the former hearing. There is but one distinguishing feature and that lies in the mere alleged valuation placed thereon in the treasurer's notice to the taxpayer. Had the property

been assessed at the former proceeding, the present one would have constituted an attempt to revalue or reassess the same property, and that cannot be done in a ferret proceeding. State v. R. C. Jones & Co., 169 Okla. 38, 35 P. (2d) 908. We believe the defendant has sustained the burden of showing that the property in the present case was considered at the former hearing before the treasurer as to the years 1920 to 1930, inclusive. Where that is accomplished, the plea of res adjudicata has been established.

We hold, therefore, that the judgment of the trial court, wherein it failed to sustain defendant's plea of res adjudicata, is against the clear weight of the evidence and should be reversed.

The plaintiff says the former order of the county treasurer is without force or effect as an adjudication for the reason that the county attorney's office was not represented at the hearing. This contention is without merit. The treasurer is not required to await the appearance of the county attorney at such hearings.

We come now to the question of assessments for the years 1931 and 1932. The defendant says these accounts, being intangible assets, follow the domicile of the owner for purposes of taxation, and that said accounts had never acquired a business situs here whereby the tax may be assessed against defendant.

Ordinarily the taxable situs of intangible property is at the domicile of the owner, but the exception to that rule is where such property may acquire a different situs by being employed in the owner's business at some place other than his domicile. The defendant was authorized to, and did, carry on a regular business in Oklahoma City. These accounts arose from such business and were kept and collected at the Oklahoma City office. The facts here are in all respects similar to the facts in the case of State v. Atlantic Oil Producing Co., 174 Okla. 61, 49 P. (2d) 534. In that case property of the character here considered was held taxable in this state. The second paragraph of the syllabus there is controlling of this question. It is as follows:

"Intangible personal property consisting of accounts receivable in this state, arising from business operations carried on in this state, owned by a foreign corporation engaged in business in this or other states, may have or acquire a business situs in this state, so as to be subject to ad valorem taxation in this state."

Our decision in that case is in all respects controlling of the present question.

The trial court ordered the property assessed for 1931 and 1932 at the valuation as fixed by the court. The judgment is amply sustained by the evidence, and should therefore be affirmed as to the causes of action for 1931 and 1932.

In view of the foregoing, the judgment of the trial court is affirmed as to the years 1931 and 1932, and reversed as to the years 1920 to 1930, both inclusive.

McNEILL, C. J., and BUSBY, PHELPS, and CORN, JJ., concur. OSBORN, V. C. J., and RILEY and WELCH, JJ., dissent. BAYLESS, J., absent.

WELCH, J. (dissenting). I agree with the rules of law stated in the first and third paragraphs of the syllabus, and with those portions of the body of the opinion which form the basis for those rules of law.

I cannot agree with the majority opinion in concluding that the action of the county treasurer in a former proceeding, as stated in the majority opinion, was a bar to the right of the state to assess this same omitted property for the years 1920 to 1930.

It is clear from the majority opinion that the same character of property under the same ownership for each of the years 1920 to 1932 was the subject of consideration. It is settled by the majority opinion that the property in question for each of those years was in fact and by law subject to ad valorem taxation, and was not assessed and taxed and, therefore, escaped bearing its proportion of the tax burden; and that such property should have been assessed regularly each year in the orderly assessment of all taxable property. I regard it as further settled by the majority opinion that this property possessed no characteristic which would exempt it or excuse it from taxation in this state for either or any of those years. With all that I do agree, and I therefore assert that this property was in every sense "omitted property" for each of the years involved.

But the majority opinion holds, in effect, that the state is barred from assessing this omitted taxable property, because of an action of the county treasurer in 1930, which is treated as being a final judgment which is held to be res adjudicata against the state.

In the early case of Anderson v. Ritterbusch, 22 Okla. 761, 98 P. 1002, it was expressly held that:

"The 'taxing power,' when acting within its legitimate sphere, is one which knows no stopping place, until it has accomplished the purpose for which it exists, viz., the actual enforcement and collection from every lawful object of taxation of its proportionate share of the public burdens; and, if prevented by any obstacles, it may return again and again until, the way being clear, the tax is collected."

This principle has never been overruled or disapproved, but, upon the contrary, has been approved where it has been cited or referred to. See State v. Cushing Grocery Co., 135 Okla. 186, at page 195, 274 P. 876, at page 884, and Brown v. Board of Education, 148 Okla. 97, at page 102, 298 P. 249, at page 254. There this rule was expressly referred to by Mr. Justice Riley in his dissenting views, and while his views did not there prevail, this rule was not in any manner departed from by any expression of the majority opinion.

Then, if that rule yet prevails in any degree, how can the state ever be finally barred from taxing property except by express statutory provision? We should be reluctant to read into the law an implied power in either the county assessor or county treasurer to refuse to assess property for taxation and to thereby render a judgment sufficient to sustain a plea of res adjudicata against the state and county. All of the power of the county assessor and county treasurer to discover and assess taxable property is purely statutory. Both the county assessor and the county treasurer have statutory authority to discover additional property and to assess the same for taxation. If either one of them fails to discover certain taxable property, or after discovering it, refuses to assess it upon some erroneous conclusion that it is not taxable, is that act the rendering of a judgment that will bar the state? The statute nowhere so provides as to either of those officers. Here the property was taxable property for each year from 1920 to 1932, inclusive. That was determined in the instant case by the trial court and here affirmed. But it is said in the majority opinion that something intervened in 1930 to bar the right of the state to assess the property from 1920 to 1930. What was it that occurred in 1930? It was a proceeding by the county treasurer under section 12346 to assess omitted property. That section does not expressly provide for a hearing, but since notice is given fixing a date when a protest to the listing may be made in writing, a hearing is implied or contemplated by the statute, as this court said in Anderson v. Ritter-

busch, supra, speaking through Mr. Justice Kane. There it was also said that:

"The proceeding before the treasurer is not an action at law, nor a suit in equity, but a summary proceeding of a quasi judicial nature."

The taxpayer here would treat the county treasurer as a fully commissioned and authorized court of record. He cites authorities supporting pleas of res adjudicata based upon **judgment of courts of record,** but they do not support such a plea based upon some statutory **action** of an **administrative officer.** The county treasurer is not authorized to render any judgment whatever, and of course there is no provision for his recording or even filing any written judgment or findings.

The statute does not authorize the taxpayer to appear before the treasurer and file written protest, but in the instant case the record does not disclose that any such protest was filed in the 1930 proceedings, and it appears conceded by the briefs that none was filed. So that the 1920 proceedings did not reach the stage of a formal hearing. There was merely informal discussion, after which the county treasurer took the action which is here relied upon as **res adjudicata.** That action was the preparing and signing of a written order. The treasurer himself denominated it an "order of dismissal," not a judgment. Had the proceeding reached the hearing stage, the laboring oar would have been with the tax ferret to present his discovery of omitted property. If he made no forward move to show the treasurer the facts relative thereto, then obviously the treasurer might have concluded the matter by something in the nature of a dismissal, but to be exact, his action should have been merely a refusal to make any assessment. The only action required of the treasurer by the statute is the making of an assessment or the refusal to make one.

Here the so-called "order of dismissal" is copied in the majority opinion. There is nothing therein indicating any intention to adjudicate any issue of fact or law, nor to indicate the existence of any issue of fact. Since there was no written objections filed by the taxpayer, there could not have existed any controversy over any such issues. The so-called "dismissal" does use the words "the county treasurer finds for the defendants," but there immediately follow the words "and orders the action now pending to be stricken and the proceedings held for naught," thus clearly indicating no intention to undertake to render any **judgment** against

the state upon any possible issue. It seems to me that the taxpayer is here forced to the position of contending that the informal discussion not only tendered the issue, but also constituted the evidence on the issue and formed the basis of the adjudication of the issue. I cannot follow that contention. If we are to hold to the view that the county treasurer has the power to **render a judgment** against the state in the sense that it will be a final **adjudication,** and, in the absence of an appeal, bar the state from assessing taxable property, we surely ought to sustain such a plea only when the proof is clear, cogent, and convincing that such an adjudication was made upon an existing issue.

It is my view that the statute does not authorize the treasurer to adjudicate the taxable status of property and render any final judgment barring the right of the state to assess and tax property that is in fact taxable, and that no such legislative intent can be inferred from any statute. It is my view that before any such judgment can be rendered and operate as a bar to the state, it must be rendered by a **court** of competent jurisdiction, upon an issue properly presented to such court. I think the statutory power of the county treasurer in such a proceeding as this is limited to such **action** as is prescribed by statute, that is, to assess omitted property, or, on the other hand, to refuse to make any such assessment. If he refuses to make any assessment, then he no more renders a judgment against the state than does the county assessor when he refuses to assess certain specific property.

But if the view is taken that a county treasurer can **render a judgment** against the state, I insist that the proof here made falls far short of showing that any such judgment was here rendered.