SUNRAY OIL CORPORATION v. OKLAHOMA TAX COMMISSION.

No. 30678. March 2, 1943.

*134 P. 2d 995.*

A. Francis Porta, of El Reno, and A. L. Herr and A. D. Howell, both of Oklahoma City, for defendant in error.

HURST, J. Appellant, Sunray Oil Corporation, is a Delaware corporation. It was domesticated in Oklahoma on November 18, 1939. In its corporation license tax return for the year ending June 30, 1941, it listed as property owned by it the capital stock of Sunray Oil Company, an Oklahoma corporation, herein referred to as "subsidiary," and other intangibles such as accounts receivable, inter-company receivables, cash, the cash surrender value of life insurance policies, and prepaid expense. It did not include these intangibles in its Oklahoma assets in computing its license fee. The Oklahoma Tax Commission, after a hearing, made an order assessing an additional fee based upon such intangibles. It paid such additional fee under protest, and appealed.

Appellant makes three contentions, but urges only two: (1) that the Tax Commission erred in considering the capital stock of subsidiary and its other intangibles, in computing its corporation license fee, and (2) that the Tax Commission erred in holding that section 6 (a) of art. 6, ch. 66, S. L. 1939, is valid.

1. The evidence introduced at the hearing before the Tax Commission established without dispute the following facts: During 1939, 1940, and 1941 all of appellant's officers and six of its nine directors resided in Oklahoma. It held all but one of the meetings of its board of directors in Oklahoma during those years. One meeting of its stockholders was held each year at Wilmington, Del. Its principal office and place of business during said years was at Tulsa, Okla. It maintained a branch office, with one employee, in New York City, and a formal office in Delaware, as required by the corporation laws of that state. Its books and records were kept in Tulsa. All checks for expenses, salaries, and dividends were issued from its Tulsa office, and all receivables were payable there, except the proceeds from the sale of securities in its financing

Edward Howell, Paul E. Taliaferro, and Forney Hutchinson, all of Tulsa, for plaintiff in error.

operations, which were payable in New York City through a designated bank. Bank accounts were kept in banks in Tulsa, New York City, and Chicago, the latter being inactive. Appellant was not licensed to do business in any other foreign state during said period. The only oil property owned by it was an interest in a producing lease in Oklahoma, which was valued by it at $3,640.87.

Sunray Oil Company, an Oklahoma corporation, is the only subsidiary of appellant. During the years above specified it was actively engaged in the production of oil and gas in Oklahoma and several other states, 44.774 per cent of its assets being in Oklahoma. Appellant owned all of its capital stock except five qualifying shares issued to directors. Three of the five directors of the subsidiary were also directors of appellant, and its president and secretary were also president and secretary of appellant. The stock of subsidiary owned by appellant was voted at stockholders' meetings of the subsidiary by one of the directors chosen by appellant. The stock certificates were kept in Delaware. Appellant at times advanced money to the subsidiary, and made recommendations as to the conduct of its business, which the secretary testified were always followed. Appellant joined the subsidiary in two mortgages or deeds of trust covering the properties of the subsidiary, made to assist in financing the operations of the subsidiary, and also executed written guaranties of two drilling contracts entered into by the subsidiary. Dividends paid by the subsidiary were collected and distributed by appellant out of its Tulsa office.

The governing statute is art. 6, ch. 66, S. L. 1939. Section 4 of the act provides that every corporation organized or doing business in this state shall pay annually a license fee of $1 for each $1,000 "of the value of its capital stock employed in Oklahoma, as the value of capital stock employed in Oklahoma is defined in section 5 hereof." Section 5 requires each corporation to file each year a sworn statement showing, among other things, "the value of all property owned or used in its business within this state." Section 6 gives the Tax Commission authority to determine the true value of the capital stock "employed in this state" for the purpose of computing the amount of the license fee.

Shares of stock are intangible personal property (Crane Company v. City of Des Moines, 208 Iowa, 164, 225 N. W. 344) and are ordinarily taxable in the state of the domicile of the owner. Chestnut Securities Co. v. Oklahoma Tax Commission, 173 Okla. 369, 48 P. 2d 817. A well-recognized exception to this general rule is that such intangible property may acquire a "business situs" for purposes of taxation in a state other than the state of the owner's domicile, by its use in business in such state. State v. Atlantic Oil Producing Co., 174 Okla. 61, 49 P. 2d 534. The above statute recognizes and gives effect to this exception by providing in effect that intangibles so used in the business of the corporation shall, for license tax purposes, be deemed to have a business situs in Oklahoma.

The corporation argues that the facts above stated do not show such use in its Oklahoma business as to bring the stock of Sunray Oil Company and other intangibles owned by it within the exception, and that the taxable situs of the stock is in the State of Delaware.

In Chestnut Securities Co. v. Oklahoma Tax Commission, above, we held in effect that control over intangible assets of a foreign corporation, exercised by directors residing in this state to the extent that it was actually used in the corporation's business in this state, would give it a taxable situs so that its value should be considered in computing the license fee.

In Wheeling Steel Corporation v. Fox, 298 U. S. 193, 56 S. Ct. 773, it was held that intangibles acquired a situs for taxation other than at the domicile of their owners, "if they have become integral parts of some local business," and that money in banks and accounts receivable

were taxable on an ad valorem basis in West Virginia, where the principal office of the corporation was located and from which its business was managed and directed, although the corporation was domiciled in Delaware and some of the bank deposits were in states other than West Virginia, and the accounts receivable arose from transactions in other states. And in so holding it was noted that it is essential to the validity of such a tax, under the due process clause, "that the property shall be within the territorial jurisdiction of the taxing state."

In First Bank Stock Corporation v. State of Minnesota, 301 U. S. 234, 57 S. Ct. 677, a Delaware corporation maintained a business office in Minnesota. It owned a controlling interest in banks in Montana and North Dakota, and through a wholly owned subsidiary in Minnesota offered advice and made recommendations as to the conduct of such banks in the exercise of its power of control over them through the ownership of their stock. The court upheld a property tax levied by Minnesota upon the stock owned by the corporation in the subsidiary banks, stating that the business conducted by the corporation in Minnesota was sufficient to establish a commercial domicile there, and "to give a business situs there, for purposes of taxation, to intangibles which are used in the business or are incidental to it, and have thus become 'integral parts of some local business.' " Referring to the use of such stock by the corporation, the court said:

"Appellant's entire business in Minnesota is founded on its ownership of the shares of stock and their use as instruments of corporate control. They are as much 'integral parts' of the local business as accounts receivable in a merchandising business, or the bank accounts in which the proceeds of the accounts receivable are deposited upon collection."

While the two last-mentioned decisions involved property taxes, we think that a use in business which gives an intangible a business situs in a state so as to render it liable to such a tax is sufficient to bring it within the purview of the cited corporation license tax law as property "owned and used" or "employed" in this state. From the facts developed at the hearing before the commission, it clearly appears that appellant actively participated in the management of the subsidiary by its use of the stock owned by it. In fact, this seems to have been its principal business in Oklahoma. The fact that the stock certificates were held in Delaware is immaterial. State v. Atlantic Oil Producing Co., above; First Bank Stock Corporation v. State of Minnesota, above. The stock and other intangibles being "owned and used" in Oklahoma, the Tax Commission properly considered them as property in Oklahoma in determining the amount of the license fee assessable against the corporation.

2. Appellant contends that because of the provisions of section 6 (a) the law is unconstitutional, in that it discriminates between corporations having directors residing in the state and those whose directors are nonresidents. It is not necessary to pass upon this question. Even if the contention is correct, the provision objected to is clearly separable from the remainder of the law, and therefore its invalidity would not affect the entire act. Dowell v. Board of Education of Oklahoma City, 185 Okla. 342, 91 P. 2d 771. Section 6 (a) was evidently designed to fix the situs of intangibles for the purpose of computing the license tax in cases where the owner has acquired a commercial or business domicile, but is not actually employing the intangibles in its business, in Oklahoma, and it does not apply to cases where, as here, it clearly appears that the intangibles are so used. We therefore do not pass upon the validity of section 6 (a), but leave the determination of its constitutionality until a case is presented which requires that we do so. Shinn v. Oklahoma City, 184 Okla. 236, 87 P. 2d 136.

Affirmed.

CORN, C. J., GIBSON, V. C. J., and RILEY, OSBORN, BAYLESS, WELCH, DAVISON, and ARNOLD, JJ., concur.