FOSTER PETROLEUM CORPORATION v. OKLAHOMA TAX COMMISSION.

No. 33867.   April 17, 1951.

*230 P. 2d 479.*

Martin, Logan, Finney & Stanton, Tulsa, for plaintiff in error.

R. F. Barry, W. F. Speakman, and E. J. Armstrong, Oklahoma City, for defendant in error.

CORN, J. This appeal is from an order of the Tax Commission denying a protest against assessment of additional corporation taxes of $13,825, for the fiscal year 1947-48, to wit:

"On September 28, 1948, the protest of the Foster Petroleum Corporation, a corporation, covering the assessment of additional corporation license taxes for the year 1947-48, in the amount of $13,825.00, comes on for hearing before the undersigned members of the Oklahoma Tax Commission in its regular order and pursuant to assignment.

"After the Commission has heard the evidence and proof introduced by the parties and is well and sufficiently advised in the premises, it finds that the assessment of additional corporation license taxes for the year beginning July 1, 1947, and ending June 30, 1948, should be sustained. The Commission further finds that during the year in controversy, the protestant's main office and principal place of business was in the State of Oklahoma and that its business and commercial domicile was in said state; that protestant conducted its investment business and the major portion of its oil business in and from the State of Oklahoma, and that practically all of the intangibles held and owned by protestant during the period of time in controversy represented capital acquired during the time that the commercial and business domicile of protestant was in Oklahoma, and that of the intangibles held and owned during said time, approximately Eleven Million Dollars thereof was acquired from and after September, 1939. The Commission accordingly finds that there should be included as a measure of the corporation license tax for the year in controversy, all of protestant's intangibles, which intangibles protestant did not include in the measure of the tax in its return filed for said years. . . ."

The Foster Petroleum Corporation does not contend that the facts above set forth are not true. Therefore, we will only add what other facts disclosed by the record that we may deem necessary.

The Foster Petroleum Corporation is a Delaware corporation, organized in 1924 and qualified to do business in Oklahoma the same year.

From its organization until February 10, 1932, and since September 1, 1939, its only general office was and has been at Bartlesville, Oklahoma, where all its records are kept and its checks were and are written. Eight of its nine directors and all of its officers are residents of Oklahoma.

Assets of said corporation as of December the 31st, 1946, were $25,824,-

655.14, of which $1,188;212.55 was the net book value of the oil division, and the balance was the book value of the investment division, and its liabilities, other than surplus and capital, totaled $50,219.93; its total assets at December 31, 1947, were $26,003,369.79, of which $1,082,469.15 was the net book value of the oil division, and the balance was the book value of the investment division, and its liabilities, other than surplus and capital, totalled $89,368.61.

It is actively engaged in buying and selling stocks and bonds and does not merely hold them for investment purposes. The record reflects it did buy and sell and as a result of such activities earned $677,141.97 in the year 1946.

The Foster Petroleum Corporation contends in its brief:

I

"The tax here involved is a tax upon Foster's right to do business in this state.

II

"Foster's investments in stocks and bonds are not 'capital used, invested or employed in Oklahoma,' and have no situs here.

III

"A state cannot, by a license or excise tax imposed for the privilege of doing business within the state, thereby tax property outside the state, and wherever this rule is violated, such tax is void.

IV

"Foster's intangibles have no situs in this State and because of constitutional limitations subd. (5) and (6), 68 O.S. 1941, Sec. 638, cannot be construed to permit apportionment to Oklahoma of the value of such intangibles, and of these in their order."

It then discusses each of the four propositions separately and cites authority in support thereof.

If either one of those propositions as stated were strictly applicable to the facts in this case, we would be compelled to hold that the Tax Commission erred in denying the protest.

Section 636, Title 68, O. S. 1941, provides in part:

"Each corporation, association or organization required under Section 2 to procure an annual license shall, for the privilege of existing as such corporation, association or organization or for the privilege of doing business during each July 1st of succeeding June 30th fiscal year, on or before the 31st day of August of such fiscal year pay to The Oklahoma Tax Commission for such license and privilege a tax equal to one dollar and twenty-five cents ($1.25) for each one thousand dollars ($1,000.00) or portion thereof, of its capital used, invested, or employed in Oklahoma. However, in no case shall the annual license tax be less than ten dollars ($10.00), and in no case shall it be more than fifteen thousand dollars ($15,000.00), whatever may be the capital used, invested, or employed in this State. The amount of capital used, invested or employed in Oklahoma will be determined under the rules set out in Section 5 of this act."

. . ."

Section 638 provides:

". . . (5) In the determination of the amount of tax payable under this Act where intangibles are involved, such as notes, accounts, receivable, stocks, bonds, and other securities, including cash, and the business of the corporation is managed, directed and controlled from within the State of Oklahoma, the value of such intangibles shall be apportioned wholly to Oklahoma, unless a commercial or business situs for such intangibles has been established elsewhere.

"(6) Management, direction and control of the corporation's business shall be deemed to be within the State of Oklahoma where (a) the corporation is incorporated under the laws of Oklahoma, or (b) where any corporation organized under the laws of some other state transacts in Oklahoma its principal business, or maintains in this State its 'business domicile' or 'commercial domicile.'."

In Sunray Oil Corporation v. Oklahoma Tax Commission, 192 Okla. 159, 134 P. 2d 995, we held in paragraph 1 of the syllabus:

"In computing the amount of the corporation license fee due from a foreign corporation, under art. 6, ch. 66, S.L. 1939, the Oklahoma Tax Commission should consider and include its intangibles which are 'owned or used' in its business in Oklahoma as part of the 'value of its capital stock employed in Oklahoma.'"

The Foster Petroleum Corporation is engaged in both the oil and the investment business, wholly directed and controlled from Oklahoma by its officers and directors who are residents of Oklahoma. The stocks and bonds being the very essence of its business naturally form a part of its capital that is used, invested and employed in Oklahoma, and since said stocks and bonds do not have either a commercial or business domicile elsewhere, they were properly included by the Tax Commission in measuring the Oklahoma Corporation License Tax.

The order of the Tax Commission denying the protest is affirmed.

ARNOLD, C.J., LUTTRELL, V.C.J., and WELCH and JOHNSON, JJ., concur. GIBSON, DAVISON, HALLEY and O'NEAL, JJ., dissent.