**364**

Glen THOMPSON, Assessor of Tulsa County, Oklahoma, Plaintiff in Error,

v.

BANKERS·INVESTMENT COMPANY, Inc., a Kansas Corporation, Defendant in Error.

No. 36430.

Supreme Court of Oklahoma.

Oct. 4, 1955.

Robert L. Wheeler, County Atty. of Tulsa County, Donald D. Cameron, Asst. County Atty., Tulsa, for plaintiff in error.

Washington, Thompson & Wheeler, Oklahoma City, for defendant in error.

R. F. Barry, E. J. Armstrong, W. F. Speakman, Oklahoma City, for Oklahoma Tax Commission, applicant for permission to file amicus curiæ brief.

JACKSON, Justice.

The Bankers Investment Company, Inc., hereinafter called the "Company", is a foreign corporation, organized under the laws of the State of Kansas, with its principal place of business at Hutchinson, Kansas.

This case was commenced in the District Court upon an appeal by this Company from an order of the Tulsa County Board of Equalization denying its protest of the tax assessment against it of certain intangible personal property consisting of notes receivable. The District Court ordered the

property stricken from the tax rolls on its finding that the Company was not domiciled in this State and the property in question had not acquired a taxable or business situs here.

From this judgment the Tulsa County Assessor brings this appeal.

█ A review of the decisions and authorities on the subject of taxing intangibles at a place other than the domicile of the owner reveals that no single concise rule with general application has been laid down to determine the business situs of intangible property. Rather, the conclusion as to the business situs of such intangibles must be drawn from a consideration of the material facts of each individual case, bearing in mind various principles which have been developed and which may find application to the facts under consideration.

The material facts in this case are as follows: The Bankers Investment Company, Inc., is licensed to do business in this State and maintains a business office at Tulsa, for the purpose of engaging in the finance business there. The bulk of its business in Tulsa consists in the purchase of installment notes given to local retail dealers for the purchase of automobiles and appliances. The balance of its business, a small percentage, consists in making direct loans evidenced by the promissory notes of the borrowers.

The Tulsa office is managed by an employee of the Company who has no voice in the management of the affairs of the Company and who works under strict orders from the Company. He purchases notes only from dealers who have been approved by the Company and with whom the Company has previously made an agreement to make such purchases. Direct loans to borrowers are made by the employee also under rules laid down by the employer.

The Company provides the approved dealers with its own printed note and mortgage forms which are to be used by the dealers when making credit sales evidenced by promissory notes. When these notes are purchased by the Company, or procured through direct loans, they are sent immediately to the Company's home office at Hutchinson, Kansas, where they remain until they are paid, unless it becomes necessary to return them for the purpose of filing suit for collection. The notes are secured by chattel mortgages and are transferred to the Company by general endorsement although by separate written agreements with some of the dealers, some notes are taken by the Company without recourse.

To finance the purchase of notes and making of loans, the employee is provided with a revolving fund on deposit with a Tulsa Bank on which he is permitted to draw. Collections on the notes are made by the employee through the Tulsa office and deposited by him in the revolving fund account.

For the year involved, the County Assessor of Tulsa County assessed these notes so obtained and held against the complaining Company under the provisions of the Intangible Tax Law, 68 O.S.1951 § 1501 et seq. Section 1504 of said statute provides, in part, as follows:

"All intangible personal property, as defined in Section 1, shall be deemed to have a taxable situs in this State where such property is owned by:

\* \* \* \* \* \*

"(b) A non-resident \* \* \* foreign corporation, \* \* \* where such property has acquired a business situs in Oklahoma."

This court has considered the question of the business situs of intangible property in a number of cases cited by the parties in their briefs, chief among them being Sunray Oil Co. v. Oklahoma Tax Commission, 192 Okl. 159, 134 P.2d 995; Ford Motor Co. v. State, 178 Okl. 193, 62 P.2d 48; State v. Atlantic Oil Producing Co., 174 Okl. 61, 49 P.2d 534.

In those cases the court held that the intangible property involved was taxable. However, the fact situations in those cases being quite different from the facts of the instant case, the decisions therein are not controlling here.

The Company relies upon the case of In re Harris, Upham & Co., 194 Okl. 155, 148 P.2d 191. In that case Harris, Upham

& Co. engaged in a brokerage business, buying and selling securities on commission. None of its principal business activities were conducted in this State although it maintained offices here through which it might reach its Oklahoma customers. The intangible property sought to be taxed consisted of debit balances in favor of that Company which arose as incidental to its business of buying securities for its customers. Book accounts of these debit balances were kept at its Kansas City, Mo. office. This court held that under the facts of that case the debit balances had not acquired a business situs in this State. We do not believe the ruling in that case supports the Company's contention in this case.

█ Vol. 143 A.L.R. 361 to 389, treats extensively with the question of the business situs of intangible property, citing cases from various jurisdictions. It is pointed out therein, that it has been held that intangibles may acquire a business situs other than the domicile of the owner, and at the place where the business is conducted, if they are an integral part of that local business activity. The case of Wheeling Steel Corp. v. Fox, 298 U.S. 193, 56 S.Ct. 773, 80 L.Ed. 1143, is one of the leading cases on the question.

█ From a review of the evidence in the instant case, it is apparent that the sole object of the Company's business activity in this State was to acquire the notes in question; the notes so acquired were not obtained in a series of isolated transactions, but as the result of a continuing business activity conducted in this State; collection of installments were made here and redeposited in the revolving fund account for the purpose of buying additional notes so that the investment in notes remained fairly constant.

We conclude, therefore, that these notes were an integral part, indeed the essence, of the business conducted here and that they had a business situs in Tulsa County for the purpose of taxation.

In reaching this conclusion, we deem it immaterial that the notes were kept outside the State while installments on them were being collected here; or that the policy mak-

ing decisions of the Company were determined at its home office; or that the Tulsa office manager, employee of the Company, had little, if any, authority beyond explicit instructions given him from the Company's home office.

The judgment of the trial court is reversed.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, CORN, DAVISON, HALLEY and BLACKBIRD, JJ., concur.