ROSS *v.* GUENTHERODT.

LANDLORD AND TENANT — ADVERSE POSSESSION — POSSESSION BY TENANT.

> Where a tenant builds on leased land a house which partially extends onto other land of the lessor, adverse possession will not commence to run against the lessor until the date of a deed by the lessor to the lessee of that portion of the premises leased.

Error to Wayne; Donovan, J. Submitted January 4, 1906. (Docket No. 3.) Decided January 23, 1906.

Ejectment by Edward H. Ross against Louisa Guentherodt and others. There was judgment for defendants, and plaintiff brings error. Reversed.

*William M. Mertz* (*Dalton, Mertz & Renaud,* of counsel), for appellant.

*James H. Pound,* for appellees.

HOOKER, J. Previous to 1883 one Parker owned lot 21, section 49, Guoin Farm, in Detroit, and lived upon the easterly portion of it. In 1879 he leased a portion of the

premises for five years to one Pominville, who moved a house upon it, setting it upon posts. It is inferable that this lease covered the west half of the lot, and possibly more. Presumably this was a written lease, but we do not find it in the record, and we cannot say that it did or did not cover more than the west half of the lot. At this time the defendant Guentherodt and her husband lived upon the lot west of lot 21, and there is testimony indicating that their house extended a foot or less upon lot 21. In 1883 Pominville purchased the west half of lot 21 from Parker, who gave him a deed of it, and, as Pominville's house extended over the line upon the east half of the lot, asked him to move it. They had a survey and found that Parker was right, and Pominville promised to move it, but wanted to wait until the Guentherodts should move their house from lot 21. After some delay Parker became offended, and built a fence 10 or 15 feet high against Pominville's windows for the purpose of forcing him to move the house. Soon after this Parker died, and the east half descended to his widow and children, and in 1897 was sold and conveyed to the plaintiff. Pominville, who lived upon the west half, paid a small sum to Mrs. Parker to remove the fence soon after Mr. Parker's death in 1884. In November, 1893, Pominville conveyed the west half to the National Loan & Investment Company. That company sold it by land contract to Mrs. Guentherodt. It does not appear when this was done. Her tenants were in possession, however, when plaintiff bought the east half in October, 1897. It is apparently conceded that Pominville's deed from Parker was dated January 19, 1883, and this action was commenced in December, 1897.

Three claims are made on behalf of the defendant: (1) That the line was established by agreement when Parker built his fence; (2) That Pominville paid Mrs. Parker $3 or $5 for the land on which the house stood; (3) that the defendant has title by adverse possession.

In our opinion the undisputed proof entitled plaintiff to a verdict.

1. There is no testimony which tends to show that Parker and Pominville ever agreed upon any other line than the correct one; but, on the contrary, the former insisted at all times that the latter's house should be moved across the line, and the latter promised to move it.

2. There is nothing more than a little hearsay testimony that Mrs. Parker attempted to sell the ground to Pominville. She made no deed or other writing, and she had no authority to convey the interests of the children, had she desired to.

3. Adverse possession could not have commenced to run until the date of Pominville's deed, and the testimony conclusively shows that it was not claimed during Parker's life. It could not commence running during the minority of the heirs. Moreover, this action was begun within 15 years after Pominville's deed was given.

The judgment is reversed, and a new trial ordered.

BLAIR, MONTGOMERY, OSTRANDER, and MOORE, JJ., concurred.