# Illinois Official Reports

## Appellate Court

---

### *Mazal v. Arias*, 2019 IL App (1st) 190660

---

| | |
|---|---|
| Appellate Court Caption | VICTOR MAZAL and ELIATH MAZAL, Plaintiffs-Appellants, v. JOHANNA ARIAS and MARCO PINTO, Defendants-Appellees. |
| District & No. | First District, First Division<br>No. 1-19-0660 |
| Filed | December 16, 2019 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 18-CH-006279; the Hon. Sanjay Tailor, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Jonathan Lubin, of Skokie, for appellants.<br><br>Scott B. Mueller, of Stinson LLP, of St. Louis, Missouri (Anne J. Kelly, of counsel), for appellees. |
| Panel | PRESIDING JUSTICE GRIFFIN delivered the judgment of the court, with opinion.<br>Justices Hyman and Walker concurred in the judgment and opinion. |

## OPINION

¶ 1 On May 16, 2018, plaintiffs Victor and Eliath Mazal filed a two-count verified complaint against defendants Macro Pinto and Johanna Arias seeking to (1) quiet title to a 16-foot-wide strip of land that runs between the parties' properties in Lincolnwood, Illinois, and (2) enjoin defendants from building a new fence on the property. Plaintiffs' claims were based on alternative theories of adverse possession and a prescriptive easement.

¶ 2 The trial court initially entered a temporary restraining order in plaintiffs' favor but later dismissed their verified complaint with prejudice pursuant to section 2-619(a)(9) of the Code of Civil Procedure (735 ILCS 5/2-619(a)(9) (West 2018)). The trial court based its decision on the following findings: (1) the 16-foot strip was statutorily dedicated property held by the Village of Lincolnwood in trust for public use as an alleyway; (2) the 20-year limitations period on the recovery of lands did not begin to run until 2008, when the Village of Lincolnwood vacated its interest in the property; and (3) plaintiffs could prove no set of facts establishing their use or possession of the property for the required 20 years. Plaintiffs' motion to reconsider was denied.

¶ 3 Plaintiffs appeal and ask us to reverse the trial court's judgment. Plaintiffs contend that the limitations period on the recovery of lands ran against the Village of Lincolnwood and they can satisfy the 20-year limitations period because (1) the 16-foot strip never functioned as a public alleyway and (2) alleyways do not serve a public use. For the following reasons, we affirm the judgment of the circuit court of Cook County.

¶ 4                                                     BACKGROUND

¶ 5 On October 5, 2016, plaintiffs purchased a home located at 6618 N. Monticello Avenue in Lincolnwood, Illinois. After defendants purchased the abutting property on April 26, 2018, plaintiffs filed a two-count verified complaint against defendants in the circuit court of Cook County. In their lawsuit filed on May 16, 2018, plaintiffs sought to quiet title to a 16-foot-wide strip of land that ran through the parties' backyards and to enjoin defendants from interfering with the property. Plaintiffs' claims were based on alternative theories of adverse possession and a prescriptive easement.

¶ 6 Plaintiffs alleged that when they purchased their home, a chain link fence divided the parties' backyard property lines and the 16-foot strip was on their side of the property. Plaintiffs built a play set for their children within two feet of the fence and claimed that their use and possession of the premises spanned "thirty years." Though they acknowledged that a "decades-old" survey of the land showed that the 16-foot strip was a dedicated public alleyway, plaintiffs alleged that construction of the alleyway "never occurred, and there is no such alleyway running between the properties."

¶ 7 On May 24, 2018, the trial court entered a temporary restraining order in plaintiffs' favor, and on August 15, 2018, defendants filed a combined motion to dismiss (*id.* § 2-619.1) the action pursuant to sections 2-615 (*id.* § 2-615) and 2-619(a)(9) (*id.* § 2-619(a)(9)) of the Code of Civil Procedure. Section 2-615 allows a defendant to seek the dismissal of a claim on the basis that it fails to state a cause of action. *Id.* § 2-615. Section 2-619(a)(9) provides for dismissal when a claim is barred or defeated by an affirmative matter. *Id.* § 2-619(a)(9).

¶ 8       Defendants advanced several bases for dismissing plaintiffs' verified complaint pursuant to section 2-615, but the crux of their combined motion was that an affirmative matter defeated the action altogether under section 2-619(a)(9). Defendants argued that the 16-foot strip was statutorily dedicated to the Village of Lincolnwood for use as a public alleyway and, as a matter of law, the Village of Lincolnwood was not subject to the 20-year limitations period on the recovery of lands embodied in section 13-101 of the Limitations Act (735 ILCS 5/13-101 (West 2018)). Defendants claimed that the limitations period started to run in 2008, when the Village of Lincolnwood vacated its interest in the property through the adoption of a municipal ordinance (Ordinance No. 2008-2787), and plaintiffs could not establish their use or possession of the property for the required 20 years.

¶ 9       Defendants attached several public records to their combined motion to dismiss, including a copy of the original "Lincoln Ave. Gardens" subdivision plat, dated February 11, 1927, and a copy of Ordinance No. 2008-2787. The plat showed the proposed "public alleyway" running through the parties' properties and expressly provided that it was "approved by the President of the Board of Trustees of the Village of Tessville" (Lincolnwood was formerly named Tessville). Ordinance No. 2008-2787 contained an express finding of the board of trustees that the vacation of the 16-foot strip would serve the "public interest" and indicated that upon vacation, title to the property would vest in the abutting landowners in equal eight-foot portions.

¶ 10      Plaintiffs filed a response, arguing that the limitations period in section 13-101 ran against the Village of Lincolnwood some time prior to 2008 because (1) the 16-foot strip never functioned as a public alleyway and (2) public alleyways do not serve a public use. Plaintiffs claimed they could satisfy the 20-year time period and asked the trial court to deny defendant's combined motion to dismiss.

¶ 11      On January 23, 2019, the trial court dismissed plaintiffs' verified complaint with prejudice pursuant to section 2-619(a)(9). The trial court found that the 16-foot strip was statutorily dedicated property, the limitations period in section 13-101 began to run in 2008, and it was "impossible" for plaintiffs to satisfy the required 20-year period. As part of its dismissal order, the trial court vacated the temporary restraining order.

¶ 12      Plaintiffs filed a motion to reconsider on February 2, 2019, claiming "new evidence" showed that the Village of Lincolnwood expressly abandoned its interests in the property prior to 2008. The alleged new evidence, which plaintiffs attached to their motion, included (1) a copy of a "request for board action," dated January 17, 2008, that plaintiff obtained from the community development director of the Village of Lincolnwood (Request) and (2) a copy of the minutes of a meeting held by the president and board of trustees of the Village of Lincolnwood on January 18, 2008 (Minutes). The Request identified certain alleys (including the alleyway at issue) as "paper alleys," meaning they "exist only on paper, but in reality have not functioned as public alleyways" and contained a recommendation that the board should take action to vacate the alleyways. The Minutes stated that the property was vacated because it was "never improved for public use." The trial court denied plaintiffs' motion to reconsider on March 7, 2019.

¶ 13      Plaintiffs appeal and ask us to reverse the trial court's section 2-619 dismissal of their verified complaint. Plaintiffs maintain that the limitations period in section 13-101 began to run against the Village of Lincolnwood some time prior to 2008 and they can satisfy the 20-

year period such that the dismissal of their verified complaint was not warranted.

¶ 14                                    JURISDICTION

¶ 15     On January 23, 2019, the trial court granted defendants' combined motion (*id.* § 2-619.1) and dismissed plaintiffs' verified complaint with prejudice pursuant to section 2-619(a)(9). The trial court declined to reconsider its judgment on March 7, 2019. Plaintiffs timely filed a notice of appeal on April 3, 2019. Accordingly, we have jurisdiction over this appeal. Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); R. 303(a)(1) (eff. July 1, 2017).

¶ 16                                      ANALYSIS

¶ 17     The trial court dismissed plaintiffs' verified complaint with prejudice pursuant to section 2-619(a)(9) and determined that a section 2-615 analysis was therefore "not necessary." We review the dismissal of a complaint pursuant to either section 2-615 or section 2-619(a)(9) *de novo* and may affirm the trial court's judgment on any basis in the record. *Kean v. Wal-Mart Stores, Inc.*, 235 Ill. 2d 351, 361 (2009); *Steadfast Insurance Co. v. Caremark Rx, Inc.*, 373 Ill. App. 3d 895, 899 (2007).

¶ 18     A section 2-619(a)(9) motion to dismiss admits the legal sufficiency of the complaint, admits all well-pleaded facts and all reasonable inferences therefrom, and asserts an affirmative matter outside the complaint that bars or defeats the action. *Reynolds v. Jimmy John's Enterprises, LLC*, 2013 IL App (4th) 120139, ¶ 31. When ruling on such a motion, the court construes the pleadings in the light most favorable to the nonmoving party and should grant the motion only if the plaintiff can prove no set of facts under the pleadings which will entitle the plaintiff to recover. *Morr-Fitz, Inc. v. Blagojevich*, 231 Ill. 2d 474, 488 (2008).

¶ 19     A motion to reconsider brings to the court's attention (1) newly discovered evidence, (2) changes in the law, or (3) errors in the trial court's previous application of existing law. *Liceaga v. Baez*, 2019 IL App (1st) 181170, ¶ 25. Because plaintiffs' motion to reconsider was based on new facts not presented in the prior proceedings, we review the trial court's decision to deny that motion for an abuse of discretion. *Horlacher v. Cohen*, 2017 IL App (1st) 162712, ¶ 80. A trial court abuses its discretion when its decision is arbitrary, fanciful, or unreasonable or when no reasonable person would take the view adopted by the trial court. *Jones v. Live Nation Entertainment, Inc.*, 2016 IL App (1st) 152923, ¶ 29.

¶ 20     Causes of action for adverse possession and a prescriptive easement are both incorporated into section 13-101, which sets a 20-year statute of limitation on the recovery of lands. *Joiner v. Janssen*, 85 Ill. 2d 74, 81 (1981). Accordingly, to establish title through adverse possession the disputed lands must be in the possession of another for 20 years and that possession must be (1) continuous; (2) hostile or adverse; (3) actual; (4) open, notorious, and exclusive; and (5) under a claim of title inconsistent with that of the true owner. *527 S. Clinton, LLC v. Westloop Equities, LLC*, 403 Ill. App. 3d 42, 49 (2010) (citing *Joiner*, 85 Ill. 2d at 81). Similarly, to establish an easement by prescription, the use of the way in question must have been—for a 20-year period—adverse, uninterrupted, exclusive, continuous, and under a claim of right. *Nationwide Financial, LP v. Pobuda*, 2014 IL 116717, ¶ 27. Where there has been privity between users or possessors, the periods of use or possession may be tacked together to satisfy the limitations period. *Id.*; *McNeil v. Ketchens*, 397 Ill. App. 3d 375, 394 (2010).

¶ 21 Important here, the limitations period in section 13-101 runs against a municipal entity with respect to property held in a private capacity but not with respect to property held by in trust for the public. *Miller v. Metropolitan Water Reclamation District of Greater Chicago*, 374 Ill. App. 3d 188, 190 (2007). Stated a different way, adverse possession and prescriptive easement claims do not lie against property held in trust for public use by a municipal entity.

¶ 22 Based on this record, we hold that plaintiffs can prove no set of facts that would entitle them to relief. The 16-foot strip was statutorily dedicated property held in trust for public use as an alleyway and regardless of whether it functioned as an alleyway, the limitations period in section 13-101 did not begin to run until it was vacated in 2008. We reject plaintiffs' claim that public alleyways do not serve a public use. Accordingly, the judgment of the circuit court of Cook County must be affirmed.

¶ 23 It is well established that a statutory dedication vests title to the dedicated property in the public. *J&A Cantore, LP v. Village of Villa Park*, 2017 IL App (2d) 160601, ¶ 33. A statutory dedication occurs when (1) the property owner files or records a plat that marks or notes the portions of the premises donated or granted to the public and (2) the public entity accepts the dedication. *Id.* ¶ 34. Plaintiffs made clear in their reply brief and at oral argument that they do not dispute the fact that the 16-foot strip was a statutorily dedicated public alleyway. Nevertheless, they argue that the limitations period in section 13-101 began to run against the Village of Lincolnwood some time prior to 2008 with respect to the property because it never functioned as a public alleyway and alleyways do not serve a public use.

¶ 24 *J&A Cantore* is instructive of the issues raised by the parties here. In *J&A Cantore*, the plaintiff claimed to have adversely possessed property that was statutorily dedicated to Village of Elmhurst for use as a public street. *Id.* ¶ 29. The plaintiff argued in part, as plaintiffs do here, that the property could be adversely possessed because it never functioned as a public street and therefore, served no public use. *Id.* ¶ 84. The court rejected the argument and reasoned as follows: "[W]hen Elmhurst accepted the dedication of its portion of the disputed property, it was for a public use. This public use continues to color the use of Elmhurst's portion of the disputed property, because it remains a portion of a platted, dedicated, and accepted public street, even if it has not been developed as a street." *Id.* ¶ 89. *J&A Cantore* rejected the argument raised by plaintiffs here, that a municipal entity must develop statutorily dedicated property or risk losing it in an adverse possession lawsuit brought by a private citizen.

¶ 25 The public alleyway here is no different from the public street in *J&A Cantore*; title to both properties vested in fee to the public pursuant to a statutory dedication, and they were both held in trust for public use by municipal entities. See *General Auto Service Station v. Maniatis*, 328 Ill. App. 3d 537, 544 (2002) (a statutory dedication vested fee to the premises in the public); *Emalfarb v. Krater*, 266 Ill. App. 3d 243, 248 (1994) (when the dedication is accepted, the grantee acquires title to the land upon an express charitable trust to use the property for public purposes). The fact that the 16-foot strip in this case was never developed or used as a public alleyway is immaterial because it remained a portion of a platted, dedicated, and accepted public alleyway. *J&A Cantore*, 2017 IL App (2d) 160601, ¶ 89. Accordingly, plaintiffs' argument that the limitations period ran against the Village of Lincolnwood some time prior to 2008 because the 16-foot strip never functioned as a public alleyway is unavailing.

¶ 26 Plaintiffs next argue that public alleyways simply do not serve a public use. To support their argument, plaintiffs analogize all public alleyways to the schoolhouse lot in *Brown v. Trustees of Schools*, 224 Ill. 184 (1906). In *Brown*, a private citizen claimed to have adversely

possessed a portion of a schoolhouse lot owned by a municipality. *Id.* at 185-86. Our supreme court determined that the adverse possession claim could lie against the municipal property because the people of the State had no general interest in common with inhabitants of the school district, the schoolhouse, or the proceeds of it. *Id.* at 189. Plaintiffs argue that *Brown* controls this case and that public alleyways serve local municipal citizens, not the citizens of the State at large. We disagree.

¶ 27 The 16-foot strip met the definition of public use simply because it was a statutorily dedicated public alleyway. *J&A Cantore*, 2017 IL App (2d) 160601, ¶ 89. Plaintiffs' argument fails on this point alone, but we also find it unpersuasive for several other reasons. Public alleyways are distinctly public in character; they connect public streets and provide for emergency access between them. Moreover, public alleyways find express reference in the many statutes that make up the statutory dedication scheme in Illinois.

¶ 28 For instance, the Plat Act (765 ILCS 205/0.01 *et seq.* (West 2018)), which must be strictly complied with in order to complete a statutory dedication (see *Bigelow v. City of Rolling Meadows*, 372 Ill. App. 3d 60, 64 (2007)), expressly refers to an "alley" when it describes how the recording and labeling of property in a plat functions to convey fee simple title to the public: "[A]nd the premises intended for any street, *alley*, way, common or other public use in any city, village or town, or addition thereto, shall be held in the corporate name thereof in trust to and for the uses and purposes set forth or intended." (Emphasis added.) 765 ILCS 205/3 (West 2018); Ill. Rev. Stat. 1925, ch. 109, § 3. Section 11-91-1 of the Illinois Municipal Code (65 ILCS 5/11-91-1 (West 2018)), which provides the means and manner by which a municipality entity vacates its interest in a public street or alleyway, also references alleyways: "Whenever the corporate authorities of any municipality, whether incorporated by special act or under any general law, determine that the public interest will be subserved by vacating any street or *alley*, or part thereof, within their jurisdiction in any incorporated area, they may vacate that street or alley, or part thereof, by an ordinance." (Emphasis added.) The Village of Lincolnwood followed section 11-91-1 when it vacated the public alleyway at issue in this case.

¶ 29 Simply put, public alleyways are inherently public, and they are enshrined in Illinois statute. A statutorily dedicated public alleyway is not the schoolhouse lot in *Brown*, and it bears no similarity to a public parking lot. See *Wanless v. Wraight*, 202 Ill. App. 3d 750, 755 (1990) (holding pursuant to *Brown* that a public parking lot did not satisfy the definition of public use and the plaintiff could obtain title to a portion of the parking lot through adverse possession). The sheer breadth of plaintiffs' position alone is reason enough to reject it. We decline to declare open season on all public alleyways and to subject government, at all levels, to the running of the limitations period in section 13-101 of the Limitations Act.

¶ 30 Plaintiffs' abandonment argument also must fail. The mere nonuse or nondevelopment of a statutorily dedicated public alleyway does not constitute abandonment. We recognize that a village or municipality may be estopped from asserting its right to a platted street, if for example, there was a "long period of non-use and permanent buildings or improvements have been constructed upon the land in good faith" (see *Zemple v. Butler*, 17 Ill. 2d 434, 439 (1959)), but estoppel does not apply to or operate in this case. The Village of Lincolnwood is not a party to this litigation, and it did not assert its rights to the public alleyway.

¶ 31 Accordingly, the limitations period in section 13-101 did not run against the Village of Lincolnwood, and plaintiff can prove no set of facts that would entitle them to relief. The trial court's section 2-619(a)(9) dismissal of plaintiffs' verified complaint was warranted. The trial

court also did not abuse its discretion when it denied plaintiffs' motion to reconsider. The statements contained in the document attached to plaintiffs' motion (the Request and Minutes) merely recognized that the property never functioned as an alleyway. As already discussed, that fact is immaterial.

¶ 32                                         CONCLUSION

¶ 33          Accordingly, we affirm.

¶ 34          Affirmed.