2023 IL App (4th) 220751
NO. 4-22-0751

FILED
April 19, 2023
Carla Bender
4th District Appellate
Court, IL

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| EDWARD STOEHR, | ) | Appeal from the |
|         Plaintiff-Appellant, | ) | Circuit Court of |
|         v. | ) | Tazewell County |
| JEFFREY SAVILLE, MICHAEL ELLING, and | ) | No. 20CH112 |
| MACKINAW VALLEY HOMEOWNERS | ) | |
| ASSOCIATION, | ) | Honorable |
|         Defendants-Appellees. | ) | Paul E. Bauer, |
| | ) | Judge Presiding. |

JUSTICE CAVANAGH delivered the judgment of the court, with opinion.
Justices Harris and Zenoff concurred in the judgment and opinion.

**OPINION**

¶ 1        Plaintiff, Edward Stoehr, and defendant Jeffrey Saville own adjoining lots in the Mackinaw Valley Park Subdivision, Tazewell County, Illinois. Saville's driveway overlaps the northeast corner of Stoehr's lot. Consequently, Stoehr brought this action against Saville for trespass, seeking, among other relief, an order that Saville move the driveway off his lot.

¶ 2        Saville responded with a counterclaim. He asserted that the land on which his driveway encroached, as well as a strip of land on Stoehr's northern boundary that he had been keeping mowed, had become his own property by adverse possession. At the conclusion of a bench trial, the circuit court of Tazewell County rejected Saville's claim to the grass strip. The court decided, however, that, by adverse possession, Saville had become the owner of the triangular piece of Stoehr's lot on which the driveway encroached. Stoehr appeals.

¶ 3    By finding, impliedly, that Saville had hostile possession of this driveway encroachment for 20 years, the circuit court made a finding that was against the manifest weight of the evidence. Therefore, we reverse the part of the judgment declaring Saville to be the owner, by adverse possession, of the driveway encroachment. We otherwise affirm the judgment, and we remand this case for further proceedings.

¶ 4                                    I. BACKGROUND

¶ 5    In January 2001, James A. Smith bought from Barbara Peters a 34-acre parcel of land in Tazewell County. When Smith bought the land, people were occupying it, living in cabins. Since the 1980s, Jeffrey Saville had rented a lot on the land, and he owned a house on the lot (although he did not own the lot itself). Saville was Peters's tenant, and he became Smith's tenant.

¶ 6    In September 2003, by recording a plat of subdivision, Smith divided the 34 acres into lots of 0.501 acres apiece. Thus, Mackinaw Valley Park Subdivision came into existence. The land on which Saville's house stood became lot 11 of the subdivision, and the land adjoining lot 11 to the south became lot 12. In 2004, Smith sold lot 11 to Saville. In 2017, Smith sold lot 12 to Stoehr.

¶ 7    A road runs along the east side of lots 11 and 12. At the southeast corner of lot 11 is a driveway into that lot—a gravel driveway bordered on the sides by railroad ties. This driveway shears off the northeast corner of lot 12. In other words, there is a triangular encroachment of lot 11 onto the northeast corner of lot 12. The reason for the encroachment is that the driveway comes off the road at a slant instead of at a right angle. A land surveyor, Daniel Evans, colored in the encroachment on a plat of survey.

¶ 8    Several witnesses testified that the driveway, with its gravel and railroad ties, had been in its present location for as long as they could remember—for decades. Nevertheless,

because of this area of overlap, which we will call the triangle, Stoehr sued Saville in August 2020 for trespass.

¶ 9    Saville filed a counterclaim, in which he claimed that he had become, by adverse possession, the owner not only of the triangle but also of a 15- or 30-foot strip of lot 12 that he allegedly had been mowing. After hearing evidence and arguments in a bench trial, the circuit court decided that Saville's adverse possession of the grass strip was unproven but that his adverse possession of the triangle was proven. Accordingly, the court ruled that Saville was the owner of the triangle.

¶ 10    This appeal followed.

¶ 11                    II. ANALYSIS

¶ 12    Under the doctrine of adverse possession, a person can become the owner of land by continually trespassing on it for 20 years. The reason is that the statutory period of limitation for "commenc[ing] an action for the recovery of lands" or for "mak[ing] an entry thereon" is "20 years after the right to bring such action or make such entry first accrued." 735 ILCS 5/13-101 (West 2020); see also *Mazal v. Arias*, 2019 IL App (1st) 190660, ¶ 20 (noting that "[c]auses of action for adverse possession *** are *** incorporated into section 13-101, which sets a 20-year statute of limitation on the recovery of lands"). If, because of the passage of 20 years, section 13-101 bars a trespass action or an entry, the trespasser effectively becomes the owner of the land. See *Chicago Title Land Trust Co. v. JS II, LLC*, 2012 IL App (1st) 063420, ¶ 42.

¶ 13    For title to be transferred through adverse possession, "the disputed lands must be in the possession of another for 20 years[,] and that possession must be (1) continuous; (2) hostile or adverse; (3) actual; (4) open, notorious, and exclusive; and (5) under a claim of title inconsistent with that of the true owner." *Mazal*, 2019 IL App (1st) 190660, ¶ 20. "Hostility" is an "assertion

of ownership incompatible with that of the true owner and all others." *Peters v. Greenmount Cemetery Ass'n*, 259 Ill. App. 3d 566, 569 (1994). The assertion of ownership must be "one of ownership in fee simple." 1 Ill. L. and Prac. *Adverse Possession* § 9 (2023). "[P]ossession which is not under claim of ownership in its inception cannot ripen into an adverse title." *Town of Kaneville v. Meredith*, 351 Ill. 620, 625 (1933).

¶ 14        "[A]dverse possession may be shown by acts of proprietorship as well as by verbal claims ***." *Jones v. Scott*, 314 Ill. 118, 122 (1924). "[P]roof of oral claims is not essential, and it is enough that the claimant prove that he so acted that it showed he claimed the title." *Leonard v. Leonard*, 369 Ill. 572, 577 (1938). The acts of proprietorship must give the true owner fair notice, under the circumstances, that the claimant asserts a fee simple interest in the disputed property. See *Nationwide Financial, LP v. Pobuda*, 2014 IL 116717, ¶ 39 (remarking that "the concern for fair notice to the owner goes to the adversity element"). "All presumptions are in favor of the true owner." *Jones*, 314 Ill. at 123. For land to become someone else's by adverse possession, "it must be clearly shown that the use of the land was adverse and not merely permissive, since permissive use of land, no matter how long, can never ripen into an adverse possessory right." *Mann v. La Salle National Bank*, 205 Ill. App. 3d 304, 310 (1990). In fact, the claimant by adverse possession has the burden to establish all the elements of adverse possession "by clear, positive and unequivocal proof." *Thomas v. Durchslag*, 404 Ill. 581, 587 (1950).

¶ 15        The circuit court found that Saville had proven part of his counterclaim of adverse possession. The court decided that, by adverse possession, Saville had become the owner of the triangle. In Stoehr's view, that decision is against the manifest weight of the evidence (see *Knauf v. Ryan*, 338 Ill. App. 3d 265, 269 (2003)) because, during the decades when Saville was a tenant, he never had *hostile* possession of the triangle but, instead, possessed the triangle *permissively*.

Stoehr perceives a further problem with Saville's claim in that it is unclear, from the evidence, exactly where the boundaries of Saville's leasehold were. In the bench trial, no lease agreement was introduced. Nor did any witness describe with exactitude the boundaries of Saville's leased lot (which were not necessarily the boundaries of the lots later delineated by the plat). In sum, Stoehr argues that "Saville's use and possession of the land was permissive prior to September of 2003," when Smith subdivided the whole parcel, "because [Saville] was a tenant on the land with no legal description of the boundaries for his leasehold."

¶ 16      Saville characterizes this argument as illogical. Saville points out that if tenants' leaseholds were unbounded, "each resident had open permission to use any and all of the 32 acres, even their neighbor's leased property, or any other part of the land"—and clearly, the tenants lacked such permission. Saville argues, "There is no factual basis in the record to conclude that Saville's 40+ years of use of [the triangle] was permissive, either from his prior leasehold or by reason of the subsequent 2003 platting of the new subdivision."

¶ 17      Even though it appears to be unproven exactly where the southern border of Saville's leasehold was, let us assume, for the sake of argument, that the triangle was not in Saville's leasehold—in other words, that the triangle was an encroachment on the landlords' other land. (By the landlords, we mean Peters and the successive landlord, Smith.) "Adverse possession by a tenant will not be presumed from an encroachment on other land of the landlord." 52 C.J.S. *Landlord & Tenant* § 687 (2023). In an adverse-possession analysis, an encroaching tenant is not comparable to an encroaching fee-simple owner. If a tenant made a driveway wider than the lease agreement allowed, thereby encroaching on the landlord's other land, the landlord would not receive fair notice that the tenant asserted fee-simple ownership of that sliver of encroached land. Instead, the landlord would reasonably understand the encroachment as a unilateral expansion of

the leasehold—and a leasehold is a permissive possession of land by the tenant, not an adverse possession. See *Pullman Car & Manufacturing Corp. v. Stroh*, 349 Ill. 492, 507-08 (1932); 4 Tiffany Real Prop. § 1178 (3d ed. 2022). The landlord naturally would assume that, upon the expiration of the lease, the tenant would give up the encroachment along with the connected leasehold. "[T]he possession by a tenant of lands adjoining the demised premises is to be considered the possession of the landlord and cannot be adverse to the landlord's interests." *Risi v. Interboro Industrial Parks, Inc.*, 470 N.Y.S.2d 174, 176 (App. Div. 1984); see also *Ross v. Guentherodt*, 105 N.W. 1120, 1121 (Mich. 1906).

¶ 18　　　　Therefore, until 2004, when Saville bought lot 11 and his tenancy ended, he possessed the triangle permissively. Stoehr sued for trespass on August 14, 2020, which was 16 years after Saville's acquisition of lot 11 in fee simple. The 20-year period of limitation was unexpired. See 735 ILCS 5/13-101 (West 2020). Implicit in the circuit court's judgment is a finding that Saville had hostile possession of the triangle for 20 years. See *Chicago Title*, 2012 IL App (1st) 063420, ¶ 42. That finding is against the manifest weight of the evidence (see *Knauf*, 338 Ill. App. 3d at 269) because, "so long as the relation of landlord and tenant exists, the tenant cannot acquire an adverse title as against the landlord" (3 Am. Jur. 2d *Adverse Possession* § 187 (2023)), even if the tenant encroaches on the landlord's other land (see 52 C.J.S. *Landlord & Tenant* § 687 (2023)).

¶ 19　　　　　　　　　　　　III. CONCLUSION

¶ 20　　　　For the foregoing reasons, we reverse the circuit court's judgment insomuch as it determines, on the basis of adverse possession, that Saville owns the driveway encroachment, namely, the triangular piece of land in the northeast corner of lot 12, Mackinaw Valley Park

Subdivision, Tazewell County, Illinois. We otherwise affirm the judgment, and we remand this case for further proceedings not inconsistent with this opinion.

¶ 21          Affirmed in part and reversed in part.

¶ 22          Cause remanded.

*Stoehr v. Saville*, 2023 IL App (4th) 220751

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Tazewell, No. 20-CH112; the Hon. Paul E. Bauer, Judge, presiding. |
| **Attorneys for Appellant:** | Ryan L. Powers, Powers Law, P.C., of Pekin, for appellant. |
| **Attorneys for Appellee:** | Burt L. Dancey, Elliff, Dancey & Bosich, P.C., of Pekin, for appellee. |